**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Mullins, et al.,

Plaintiffs,

vs.

CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT,

Defendants.

04 Civ. 2979 (SAS)

**ANSWER TO THE AMENDED COMPLAINT**

Defendants City of New York ("New York City") and the New York City Police Department ("NYPD") (collectively, "defendants"), by and through their attorney, **Michael A. Cardozo**, Corporation Counsel of the City of New York, for their answer to the amended complaint respectfully alleges as follows:

**PARTIES**

1. Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiffs were employed by defendants in the position of sergeant in the NYPD.

2. To the extent that paragraph "2" of the amended complaint calls for legal conclusions, no response is required. Defendants admit the remaining allegations set forth in paragraph "2" of the amended complaint with respect to plaintiffs' written consents, but deny the remaining allegations in paragraph "2" of the amended complaint, and aver that the Fair Labor

Standards Act, 19 U.S.C. § 201 et seq. ("FLSA"), does not authorize "class actions" or representative actions.

3. Paragraph "3" sets forth a legal conclusion only and therefore no responsive pleading is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "3" of the amended complaint.

4. To the extent that paragraph "4" of the amended complaint calls for legal conclusions, no response is required. Defendants deny the remaining allegations set forth in paragraph "4," but admit that New York City generally accepts otherwise proper service of process at the Office of the Corporation Counsel, 100 Church Street, 4th Floor Service of Process Window, New York, New York 10007.

5. To the extent that paragraph "5" of the amended complaint calls for legal conclusions, no response is required. Defendants deny the remaining allegations set forth in paragraph "5" of the amended complaint, but admit that the NYPD's headquarters are located at One Police Plaza, New York, New York.

6. To the extent that paragraph "6" of the amended complaint calls for legal conclusions, no response is required. Defendants deny the remaining allegations set forth in paragraph "6" of the amended complaint, except admit that plaintiffs purport to proceed and invoke the jurisdiction of the Court as set forth in this paragraph.

7. Admit the allegations in paragraph "7" of the amended complaint.

8. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the amended complaint.

9. Deny that the allegations set forth in paragraph "9" of the amended complaint are a complete and accurate statement of the duties and responsibilities of a NYPD sergeant, and

respectfully refer the Court to the following official documents: copies of the Notice of Exams for Promotion to Sergeant, covering the relevant period, Exam No. 8851, Exam No. 1529, and Exam No. 3506, which are collectively annexed hereto as Exhibit "A;" a copy of the syllabus for the twenty-eight day training course all NYPD Sergeants must attend, which is annexed hereto as Exhibit "B;" and a copy of the job analysis conducted by the New York City Department of Citywide Administrative Services ("DCAS"), which is annexed hereto as Exhibit "C," for an accurate and more complete description of the duties and responsibilities of a NYPD sergeant.

10. Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "10" of the amended complaint.

11. Deny the allegations set forth in paragraph "11" of the amended complaint.

12. Deny the allegations set forth in paragraph "12" of the amended complaint, except admit, upon information and belief, that the terms and conditions of plaintiffs' employment and the employment of other NYPD Sergeants is governed by a collective bargaining agreement negotiated on their behalf by the Sergeants' Benevolent Association of the City of New York ("SBA") and applicable law, and aver that defendants have not violated 29 U.S.C. § 207(a) and (k) or any other provision of the FLSA. A copy of the governing collective bargaining agreement is annexed hereto as Exhibit "D."

13. Deny the allegations set forth in paragraph "13" of the amended complaint, and aver that defendants have not violated 29 U.S.C. § 207(a) and/or (k) or any other provision of the FLSA.

14. Deny the allegations set forth in paragraph "14" of the amended complaint, and aver that defendants have not violated 29 U.S.C. § 207(a) and/or (k) or any other provision of the FLSA.

15. To the extent that paragraph "15" of the amended complaint calls for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph "15" of the amended complaint, including the assertion that plaintiffs are part of an alleged "class," and respectfully refer the Court to the FLSA and the relevant case law for an accurate statement of the obligations placed on public sector employers by the FLSA.

16. To the extent that paragraph "16" of the amended complaint calls for legal conclusions, no response is required. Defendants deny the remaining allegations set forth in paragraph "16" of the amended complaint, and respectfully refer the Court to 29 U.S.C. § 216(b) for a complete and accurate statement of its contents.

17. Paragraph "17" sets forth a legal conclusion only and therefore no responsive pleading is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "17" of the amended complaint.

18. Deny the allegations set forth in paragraph "18" of the amended complaint, and respectfully refer the Court to Exhibit "D," the governing collective bargaining agreement, for a complete and accurate statement of its contents.

19. To the extent that paragraph "19" of the amended complaint calls for legal conclusions, no response is required. Defendants deny the remaining allegations set forth in paragraph "19" of the amended complaint, including the assertion that plaintiffs are part of an alleged "class," and respectfully refer the Court to 29 U.S.C. §§ 207(a), (e) and (k), and the referenced regulations of the U.S. Department of Labor, 29 CFR Part 778, et seq., for a complete and accurate statement of their contents.

20. To the extent that paragraph "20" of the amended complaint calls for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph

"20"of the amended complaint, including the assertion that plaintiffs are part of an alleged "class," and respectfully refer the Court to the FLSA and the relevant case law for an accurate statement of the obligations placed on public sector employers by the FLSA.

21. To the extent that paragraph "21" of the amended complaint calls for legal conclusions, no response is required. Defendants deny the remaining allegations set forth in paragraph "21" of the amended complaint, and respectfully refer the Court to 29 U.S.C. § 216(b) for a complete and accurate statement of its contents.

22. Paragraph "22" sets forth a legal conclusion only and therefore no responsive pleading is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "22" of the amended complaint.

23. To the extent that paragraph "23" of the amended complaint calls for legal conclusions, no response is required. Defendants deny the remaining allegations set forth in paragraph "23" of the amended complaint, and respectfully refer the Court to the FLSA and the relevant case law for an accurate statement for the obligations placed on public sector employers by the FLSA.

24. To the extent that paragraph "24" of the amended complaint calls for legal conclusions, no response is required. Defendants deny the remaining allegations set forth in paragraph "24" of the amended complaint, and respectfully refer the Court to the FLSA and the relevant case law, including Scott, et al., v. City of New York, 2004 U.S. Dist Lexis 11543 (S.D.N.Y. 2004), for an accurate statement of the obligations placed on public sector employers by the FLSA.

25. Deny the allegations set forth in paragraph "25" of the amended complaint, including the assertion that plaintiffs are part of an alleged "class," and aver that defendants have not violated 29 U.S.C. § 207(o) or any other provision of the FLSA.

26. To the extent that paragraph "26" of the amended complaint calls for legal conclusions, no response is required. Defendants deny the remaining allegations set forth in paragraph "26" of the amended complaint, and respectfully refer the Court to the FLSA for an accurate statement for the obligations placed on public sector employers by the FLSA, and to the applicable provisions of the governing collective bargaining agreement, which is annexed hereto as Exhibit "D," for a complete and accurate statement of its contents.

27. Deny the allegations set forth in paragraph "27" of the amended complaint, and respectfully refer the Court to the FLSA for an accurate statement of the obligations placed on public sector employers by the FLSA, and to the applicable provisions of the governing collective bargaining agreement, which is annexed hereto as Exhibit "D," for a complete and accurate statement of its contents.

28. Deny the allegations set forth in paragraph "28" of the amended complaint, and respectfully refer the Court to the applicable provisions of the governing collective bargaining agreement, which is annexed hereto as Exhibit "D," for a complete and accurate statement of its contents.

29. Deny the allegations set forth in paragraph "29" of the amended complaint, including the assertion that plaintiffs are part of an alleged "class," and respectfully refer the Court to 29 U.S.C. §§ 207(a) and (o) for a complete and accurate statement of their contents.

30. Deny the allegations set forth in paragraph "30" of the amended complaint, including the assertion that plaintiffs' are part of an alleged "class," and aver that defendants

have not violated 29 U.S.C. §§ 207(a) and (o) or any other provision of the FLSA, and respectfully refer the Court to 29 U.S.C. §§ 207(a) and (o) for a complete and accurate statement of their contents.

31. To the extent that paragraph "31" of the amended complaint calls for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph "31"of the amended complaint, including the assertion that plaintiffs are part of an alleged "class," and respectfully refer the Court to the FLSA and the relevant case law for an accurate statement of the obligations placed on public sector employers by the FLSA.

32. To the extent that paragraph "32" of the amended complaint calls for legal conclusions, no response is required. Defendants deny the remaining allegations set forth in paragraph "32" of the amended complaint, and respectfully refer the Court to 29 U.S.C. § 216(b) for a complete and accurate statement of its contents.

33. Paragraph "33" sets forth a legal conclusion only and therefore no responsive pleading is required.

34. Defendants deny each and every allegation in the amended complaint that is not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have:

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted, either on their own behalf or on behalf of those persons whom they purport to represent.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable limitations periods.

**THIRD DEFENSE**

Plaintiffs were properly paid overtime compensation in accordance with 29 U.S.C. § 207(k), which was properly invoked by the NYPD and/or New York City.

**FOURTH DEFENSE**

Plaintiffs are barred from recovery in this action, because thousands of sergeants already sued the City of New York in the case Abramo v. City of New York, alleging that the NYPD violated the overtime provisions of the FLSA. In Abramo, 2002 U.S. App. LEXIS 27305 (2d Cir. 2002), plaintiffs did not attempt to challenge their classification under § 213(a) of the FLSA as violating the duties exemption. The Second Circuit held that the plaintiffs were exempt from the overtime provisions of the FLSA.

**FIFTH DEFENSE**

This case may not be maintained as a collective action because the named plaintiffs are not similarly-situated to or otherwise adequate representatives for the persons whom they purport to represent.

**SIXTH DEFENSE**

Some or all of plaintiffs' claims are preempted.

**SEVENTH DEFENSE**

To the extent that the named plaintiffs purport to bring a representative action, they are barred on constitutional grounds from doing so unless they demonstrate that a liability finding as to one plaintiff (or sub-group of plaintiffs) necessarily determines liability as to others.

**EIGHTH DEFENSE**

Plaintiffs have not worked uncompensated overtime because their paid meal periods and breaks do not constitute hours worked within the meaning of the FLSA.

**NINTH DEFENSE**

Plaintiffs are estopped from asserting some or all of the claims asserted in the complaint because defendants' actions were based upon and in accordance with the governing collective bargaining agreements and the past practices established thereunder.

**TENTH DEFENSE**

Plaintiffs have waived some or all of the claims asserted in the complaint by virtue of the collective bargaining agreements that govern the terms and conditions of their employment.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust contractual remedies.

**TWELFTH DEFENSE**

Defendants have not violated the FLSA as to the NYPD's compensatory time practices because the compensatory time used or sought to be used was for non-FLSA overtime or, in the alternative, the requests cannot be separated as to whether they are intended to invoke FLSA or non-FLSA overtime.

**THIRTEENTH DEFENSE**

Plaintiffs' First Claim for Relief is barred, in whole or in part, by the de minimis doctrine.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by operation of the Portal-to-Portal Act.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

**SIXTEENTH DEFENSE**

Defendants have at all times acted in good faith and had reasonable grounds for believing that the NYPD's pay practices complied with the FLSA.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by their failure to add the SBA as a necessary party to this action to ensure uniformity of contract interpretation and implementation.

**EIGHTEENTH DEFENSE**

Some or all of plaintiffs' claims are barred, in whole or in part, because they are exempt under § 213(a)(1) of the FLSA.

**NINETEENTH DEFENSE**

Subject to proof through discovery, plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**TWENTIETH DEFENSE**

To the extent that defendants are held liable for any unpaid overtime, such amounts should be calculated on a half-time basis pursuant to 29 C.F.R. § 778.114.

**TWENTY-FIRST DEFENSE**

The Tenth Amendment to the United States Constitution bars plaintiffs' claims as to liability, damages and/or other relief sought. Garcia v. San Antonio Metropolitan Transit Auth., 469 U.S. 528, 58, 589 (1985) (Rehnquist, J. and O'Connor, J., dissenting).

**TWENTY-SECOND DEFENSE**

Plaintiffs are barred from recovery of some or all of the damages sought because they are not authorized by the FLSA, the Constitution of the State of New York and/or the United States Constitution.

**TWENTY-THIRD DEFENSE**

Defendants have no overtime liability under the FLSA because they are entitled to credits for contractual premium payments under the governing collective bargaining agreements.

**WHEREFORE**, defendants pray that the Court enter a judgment:

1. dismissing the amended complaint with prejudice;

2. granting to defendants their costs, including attorneys' fees, incurred in this action; and

3. granting to defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 8, 2004

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
Attorneys for Defendants

By ______________________
Michele Molfetta (MM-9947)
New York City Law Department
100 Church Street, Room 2-146
New York, New York 10007
(212) 788-0922

**CERTIFICATE OF SERVICE**

I, **Michele A. Molfetta**, hereby certify that, on July 8, 2004, I caused a true and correct copy of the foregoing Answer to the Amended Complaint to be served upon plaintiffs' attorney Gregory K. McGillivary by facsimile transmission at the number (202) 452-1090, and by overnight express mail, next business day delivery, addressed to plaintiffs' counsel "Gregory K. McGillivary, WOODLEY & McGillivary 1125 15TH Street, N.W., Suite 400, Washington, DC 20005," that being the address that plaintiff designated for receipt of such material.

Dated: New York, New York
July 8, 2004

MICHELE A. MOLFETTA (MM 9947)

# Exhibit A

THE CITY OF NEW YORK
DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES
APPLICATIONS CENTER
18 WASHINGTON STREET
NEW YORK, NY 10004

| REQUIRED FORMS |
| --- |
| APPLICATION FORM |

MICHAEL R. BLOOMBERG
Mayor

MARTHA K. HIRST
Commissioner

# NOTICE OF EXAMINATION

## PROMOTION TO SERGEANT, NYCPD

**Exam. No. 3506**

**WHEN TO APPLY:** From: August 6, 2003 To: August 26, 2003

**APPLICATION FEE: $60.00**
*Payable only by money order to D.C.A.S. (EXAMS)*

**THE TEST DATE:** Multiple-choice test expected to be held on **Saturday, December 13, 2003.**

**WHAT THE JOB INVOLVES:** Sergeants, under general supervision of a higher ranking officer, are responsible and accountable for the supervision of subordinates; instruct and counsel subordinates in their duties; are responsible for subordinates' general appearance, punctuality, attendance, productivity, good order and discipline; supervise police activity at the operational level and evaluate the quality of subordinates' performance; perform all additional functions prescribed for the rank by relevant laws, rules, procedures, orders or directives of the Police Department; perform special duties or assignments as directed by the Police Commissioner at his/her discretion; and perform related duties.

Sergeants complete and/or review reports, forms and logs; make required notifications and other communications; interact with the community and implement programs; make adjustments to roll call and assign personnel; monitor subordinates; assess local area and coordinate activities in the field; conduct preliminary searches/investigations; direct arrest and detention procedures; safeguard evidence and non-police department property; safeguard/inspect police department property; evaluate personnel and recommend actions; and train and counsel subordinates.

Sergeants are required to work Saturdays, Sundays, holidays, nights and change tours or work overtime when ordered as permitted by the collective bargaining agreement.

Some of the physical activities performed by Sergeants and environmental conditions experienced are: working outdoors in all kinds of weather; walking and/or standing in an assigned area during a tour; driving or sitting in a patrol car during a tour while remaining alert; running after a fleeing suspect; climbing up stairs; carrying an injured adult with assistance; gripping persons to prevent escape; restraining a suspect by use of handcuffs; detecting odors such as those caused by smoke or gas leaks; engaging in hand to hand struggles to subdue a suspect resisting arrest; being physically active for prolonged periods of time; understanding verbal communication over the radio with background noise; reading and writing under low light conditions; carrying or wearing heavy equipment and wearing a bulletproof vest.

(This is a brief description of what you might do in this position and does not include all the duties of this position.)

**THE SALARY:** The current minimum salary is $61,093 per annum. This rate is subject to change.

**HOW TO APPLY:** If you believe you are eligible to take this examination, refer to the "Required Form" section below for the form that you must fill out. Return the completed form and the application fee to DCAS Applications Section, 1 Centre Street, 14th floor, New York, NY 10007 <u>by mail only</u>. Applications will not be accepted in person.

**ELIGIBILITY TO TAKE EXAMINATION:** This examination is open to each employee of the New York City Police Department who **on the date of the multiple-choice test:**

(1) is permanently (not provisionally) employed in or appears on a Preferred List (see Note, below) for the title of Police Officer;

(2) has served as a permanent employee in such title in the New York City Police Department for a period totaling three years preceding that date; and

(3) is not otherwise ineligible.

(Note: A "Preferred List" is a civil service list which is only for certain former permanent incumbents of the eligible title who have rehiring rights.)

If you do not know your permanent title or whether you are on a Preferred List, check with **your agency's personnel office**. If you are marked "not eligible", your application fee will not be refunded and your test paper(s) will not be rated.

**READ CAREFULLY AND SAVE FOR FUTURE REFERENCE**

You may be given the test before a review of your eligibility.

**Note:** See "FORMER FIRE SERVICE" section, and "EFFECTS OF A BREAK IN SERVICE" section, below.

**REQUIRED FORM:**

**Application for Examination**: Make sure that you follow all instructions included with your application form, including payment of fee. Save a copy of the instructions for future reference.

**ELIGIBILITY TO BE PROMOTED**: To be eligible for promotion, you must have served permanently in the rank of Police Officer in any one or combination of the New York City Police, Transit Police or Housing Authority Police Departments for at least five years and, have successfully completed the probationary period for Police Officer. Additionally, you must be permanently employed as a Police Officer or your name must appear on a Preferred List for Police Officer at the time of promotion.

**Note:** See "FORMER FIRE SERVICE" section, and "EFFECTS OF BREAK IN SERVICE" section, below.

**REQUIREMENT(S) TO BE APPOINTED:**

**Education Requirement:** Eligibles must have attained sixty-four (64) college credits before promotion to the rank of Sergeant. Except as specified below, the 64 college credits must have been earned as a result of satisfactory completion of course work at an accredited college or university. Eligibles are required to submit Official Transcripts to the Educational Tracking Unit, Police Academy, 235 East 20 Street, New York, N.Y. 10003 as soon as practicable. Only Official copies of transcripts will be utilized to determine whether a candidate has fulfilled the Education Requirement. An employee who has graduated from the Police Academy since 1974 maybe able to earn college credits based upon his or her graduation from the Police Academy. These college credits can be used towards meeting this Education Requirement; however, these college credits can only be used towards meeting the Education Requirement if they are accepted and listed on an accredited college or university official transcript.

**Drug Testing:** All eligibles for promotion to this position will be required to submit to a drug test. This one time drug test may occur prior to promotion or after promotion during the probationary period. This drug test will be required in addition to any other drug testing conducted by the New York City Police Department, such as random drug testing.

**Driver License Requirement**: For appointment to this position, an eligible must have a motor vehicle license valid in the State of New York. This license must be maintained for the duration of employment.

**Investigation:** To be promoted, candidates must present to the Police Department all the official documents and proof required to qualify.

**THE TEST**: You will be given a multiple-choice test. The passmark on the test will be the score of the 1,600th highest scoring candidate plus ties, and is based on the projected staffing needs of the New York City Police Department. Ratings for seniority, departmental awards and, if applicable, veterans' preference credit and residency credit will be added to the written test scores of passing candidates only, to determine final scores.

The multiple-choice test is designed to assess the extent to which candidates have certain abilities and technical knowledge determined to be important to the performance of the tasks of a Sergeant. Task areas to be tested are as follows: complete and/or review reports, forms and logs; make required notifications and other communications; interact with the community and implement programs; make adjustments to roll call and assign personnel during tour; monitor subordinates; assess local area and coordinate activities in the field; conduct preliminary searches/investigations; direct arrest and detention procedures; safeguard evidence and non-police department property; safeguard/inspect police department property (including the station house and other police facilities); and train and counsel subordinates.

The test may include questions which require mastery of technical knowledge based on such materials as the NYCPD Patrol Guide, Interim Orders, Legal Bureau Bulletins, New York State Penal Law and Criminal Procedure Law, and Mayor's Executive Order No. 16 of 1978 as amended. Questions may address any of the following areas: Aided Cases; Accidents; Complaints; Summonses; Arrests; Prisoners; Property; Court and Agency Appearances; Patrol Supervision; Special Patrol Operations; Disciplinary Matters; Personnel Matters; Uniforms, Equipment and Department Property; Juveniles; Penal Law; Criminal Procedure Law; Family Court Act; and Legal Guidelines and Bulletins.

The test may also include questions which may require the use of any of the following abilities:

1. Written Communication - Clear expression of ideas in writing and use of good grammatical form.
2. Planning and Organizing - Establishing a course of action for self and/or others to accomplish a specific goal; planning proper assignment of personnel and appropriate allocation of resources.
3. Delegation - Utilizing subordinates effectively; allocating decision making and other responsibilities to the appropriate subordinates.
4. Management Control - Establishing procedures to monitor and/or regulate processes, tasks or activities of subordinates and job activities and responsibilities; taking action to monitor the results of delegated assignments or projects.
5. Analysis - Identifying problems, securing relevant information, relating data from different sources, and identifying possible causes of problems.
6. Judgment - Developing alternative courses of action and making decisions based on logical assumptions that reflect factual information.
7. Decisiveness - Readiness to make decisions, render judgments, take action, or commit oneself.

Certain questions may be answered on the basis of documents or other information supplied to candidates on the date of the written multiple-choice test.

ADMISSION CARD: You should receive an Admission Card in the mail about 10 days before the date of the test. If you do not receive an Admission Card at least 4 days before the test date, you must go to the Examining Service Section, 1 Centre Street, 14th floor, Manhattan, to obtain a duplicate card.

**New York City Residency Credit:** Two and one-half points will be added to the final exam score of those candidates who qualify for New York City Residency Credit. To be eligible for the residency credit, a candidate must achieve a passing score on the written test and must maintain a continuous period of residency in New York City from the date of the written test to the date of list establishment. Candidates interested in seeking the residency credit will be given an opportunity to request the credit at the written examination. Follow the instructions given to you in the multiple-choice test booklet on the day of the test to indicate your interest in the New York City Residency Credit.

Eligibility for the residency credit will be investigated by the New York City Police Department. Candidates will be required to produce written verification of their New York City residency from the date of the written test to the date of list establishment. The documents presented must represent the period of time for which City residency is claimed. Inability to produce the required verification of residence documents for the continuous period of residency will result in the forfeiture of the New York City Residency Credit and an adjustment in the final score. Documents that will be investigated to prove New York City residency will include, but are not limited to, a copy of a lease or mortgage in the candidate's name plus one of the following (also in the candidate's name): telephone bills; gas, electric or water utility bills; checking or savings account statements; cable TV bills; or credit card statements. The New York City Police Department reserves the right to accept other documents, in lieu of the above, under special circumstances which validate various living arrangements, such as residing with parent, etc., as determined by the Department. As in the case of any intentional misrepresentation of a material fact on an employment application, candidates who claim New York City residency credit and who are determined to have intentionally misrepresented facts concerning New York City residency may be subject to the following penalties which may include: disqualification and the removal of their name from the eligible list, New York City Police Department disciplinary proceedings, and/or criminal sanctions.

**Note: Eligibility to take the Promotion to Sergeant (NYCPD) examination and to be promoted from the resulting eligibility list, however, is not limited to New York City residents. Pursuant to the New York State Public Officers Law, anyone employed as a Sergeant in the New York City Police Department must be a resident of the City of New York, or Nassau, Suffolk, Westchester, Orange, Rockland or Putnam Counties.**

**SENIORITY AND DEPARTMENTAL AWARDS:** Additional Points for Seniority and Departmental Awards, if applicable, will be awarded only to candidates who pass the written test.

**Method of Computing Seniority:** Use the following chart to determine the points credited for seniority in the eligible title of Police Officer in any one or combination of the New York City Police, Transit Police or Housing Authority Police Departments, subject to the conditions listed below.

| If your date of permanent appointment to Police Officer is: | You will receive the following points: | If your date of permanent appointment to Police Officer is: | You will receive the following points: |
|---|---|---|---|
| 12/14/00 or after | Not eligible | 3/14/97- 6/13/97 | 3.738 |
| 9/14/00 - 12/13/00 | 0.700 | 12/14/96-3/13/97 | 3.955 |
| 6/14/00 - 9/13/00 | 0.917 | 9/14/96- 12/13/96 | 4.172 |
| 3/14/00- 6/13/00 | 1.134 | 6/14/96- 9/13/96 | 4.389 |
| 12/14/99-3/13/00 | 1.351 | 3/14/96- 6/13/96 | 4.606 |
| 9/14/99-12/13/99 | 1.568 | 12/14/95- 3/13/96 | 4.823 |
| 6/14/99- 9/13/99 | 1.785 | 9/14/95- 12/13/95 | 5.040 |
| 3/14/99- 6/13/99 | 2.002 | 6/14/95- 9/13/95 | 5.257 |
| 12/14/98- 3/13/99 | 2.219 | 3/14/95- 6/13/95 | 5.474 |
| 9/14/98- 12/13/98 | 2.436 | 12/14/94- 3/13/95 | 5.691 |
| 6/14/98- 9/13/98 | 2.653 | 9/14/94- 12/13/94 | 5.908 |
| 3/14/98- 6/13/98 | 2.870 | 6/14/94- 9/13/94 | 6.125 |
| 12/14/97- 3/13/98 | 3.087 | 3/14/94- 6/13/94 | 6.342 |
| 9/14/97- 12/13/97 | 3.304 | 12/14/93- 3/13/94 | 6.559 |
| 6/14/97- 9/13/97 | 3.521 | 12/13/93 or earlier | 6.776 |

**Conditions:**
Service in titles other than Police Officer in any one or combination of the New York City Police, Transit Police or Housing Authority Police Departments will not be given seniority credit, except as provided by law. No additional credit will be given for more than 10 years of permanent service in the eligible title, nor will credit be given for more than the actual amount of service an eligible has, except as provided by Section 243 of the State Military Law. Any person who, pursuant to Court Order or otherwise, has been accorded retroactive seniority by the Department of Citywide Administrative Services in the title of Police Officer in any one or combination of the New York City Police, Transit Police or Housing Authority Police Departments shall be given appropriate credit.

**Note:** See "FORMER FIRE SERVICE" section, and "EFFECTS OF A BREAK IN SERVICE" section, below.

**Departmental Awards:** Use the following chart to determine the points credited for Departmental Awards.

| For each award: | Add the following points: |
|---|---|
| Departmental Medal of Honor | 0.375 |
| Police Combat Cross | 0.219 |
| Medal for Valor (Merit) | 0.188 |
| Honorable Mention | 0.156 |
| Exceptional Merit | 0.125 |
| Commendation | 0.094 |
| Meritorious Police Duty | 0.063 |
| Excellent Police Duty | 0.031 |
| Annual Physical Fitness Incentive Program | max of 0.500 per year to a max of 2.500 |
| Firearms Proficiency Incentive Program | maximum of 0.500 |

**Terms and Conditions Governing Credit for Departmental Awards:**

a. Credit for Honorable Mention shall not be given for the same act in addition to the credit for the Department Medal of Honor, the Police Combat Cross, or the Medal for Valor (Merit).

b. Credit shall not be given to Excellent Police Duty awarded in connection with the Police Department's Blood Bank Program.

c. Credit for the Annual Physical Fitness Incentive Program will be awarded at two-tenths (0.200) of one point for successful completion of the cardiovascular component. One-tenth (0.100) of one point will be awarded for each of the three remaining components (muscular strength, muscular endurance, flexibility). Consult Personnel Bureau Memo 28s.00 for further information about the program. Candidates must pass the qualifying first event (cardiovascular component) to be eligible for the remaining events. A maximum of one-half (0.500) point per year earned may be applied toward the exam, to a total of 2.5 points.

d. Credit for the Firearms Proficiency Incentive Program will be a total of one-half (0.500) of one point awarded for successful completion of the competition. An award of two-tenths (0.200) of one point will be credited to candidates who successfully receive a score of 100 during the competition. An additional three-tenths (0.300) of one point will be awarded upon successful completion of all required phases of the competition. For complete information concerning the Firearms Proficiency Incentive Program, consult Personnel Bureau Memo 70s.01 issued 10-81-01.

e. Credit for awards is granted in one successful examination only, i.e., an examination in which the participating candidate attains a place on the eligible list and from which list he/she is subsequently promoted and passes probation. Credit for an award will not be split between two promotion exams.

f. Credit for awards must be used by the candidate at the earliest opportunity, i.e., in the first successful examination following acquisition and recognition of the award. Credit for awards will be granted in date order, i.e., oldest awards will be credited first, with the exception of the Annual Physical Fitness Incentive Program and the Firearms Proficiency Incentive Program, which will be granted first.

g. Only departmental awards granted on or before the date of the written test will be credited, with the exception of the Annual Physical Fitness Incentive Program and the Firearms Proficiency Incentive Program. No credit will be given for the Annual Physical Fitness Incentive Program, and the Firearms Proficiency Award granted in conjunction with an earlier promotional exam where the candidate was placed on a resulting eligible list and from which list he/she was subsequently promoted and passed probation.

h. Credit for awards earned while employed by the New York City Transit Police Department or the New York City Housing Authority Police Department will be granted to eligible candidates in compliance with NYCPD Operations Order No. 94 dated 7/27/93.

i. The maximum total credit attainable on Seniority and Departmental Awards is 10.000 points. Credit for seniority will be granted before granting credit for awards. This will allow maximum use of awards. Any additional credit earned for awards beyond the maximum may be granted in a subsequent promotion examination, except for awards given partial credit as indicated in "e" above.

**FORMER FIRE SERVICE:** In accordance with Section 14-112 and 14-113 of the New York City Administrative Code, any member of the police force of the New York City Police Department who, prior to his or her appointment or employment as such, has served as a member of the uniformed force of the Fire Department, shall have the time served in such position(s) counted as service in the eligible title in determining eligibility and seniority for this promotion.

**EFFECTS OF A BREAK IN SERVICE:** The period of a break in service will not be credited toward eligibility to take the examination, eligibility to be promoted, or in the computation of seniority credits. Additionally, any time served prior to a break in service of more than one year will not be credited for these purposes.

**THE TEST RESULTS:** If you pass the multiple-choice test and are marked eligible, your name will be placed in final score order on an eligible list and you will be given a list number. You will be notified by mail of your test results. If you meet all requirements and conditions, you will be considered for appointment when your name is reached on the eligible list.

ADDITIONAL INFORMATION:

**Probationary Period:** The probationary period for Sergeants promoted as a result of this examination will be eighteen (18) months. However, the last six (6) months of the probationary period, or any part thereof, may be waived if performance is satisfactory; or, the probationary period may be extended for an additional six (6) months.

SPECIAL ARRANGEMENTS:

**Late Filing:** Consult **your agency's personnel office** to determine the procedure for filing a late application if you meet the following condition:

> You are absent from work for at least one-half of the application period and cannot apply for reasons such as vacation, sick leave or military duty.

**Special Test Accommodations:** If you plan to request special testing accommodations due to disability or an alternate test date due to your religious belief, follow the instructions included with the "Application for Examination."

**Make-up Test:** You may apply for a make-up test if you cannot take the test on the regular test date for any of the following reasons:

(1) compulsory attendance before a public body;
(2) on-the-job injury or illness caused by municipal employment;
(3) absence for one week following the death of a spouse, domestic partner, parent, sibling, child or child of a domestic partner;
(4) absence due to ordered military duty; or
(5) a clear error for which the Department of Citywide Administrative Services or the examining agency is responsible.

To request a make-up test, contact the Examining Service Section, 1 Centre Street, 14th floor, New York, NY 10007, in person or by certified mail as soon as possible and provide documentation of the special circumstances.

---

**The General Examination Regulations of the Department of Citywide Administrative Services apply to this examination and are part of this Notice of Examination. They are posted and copies are available in the Applications Center of the Division of Citywide Personnel Services, 18 Washington Street, NY, NY.**

The City of New York is an Equal Opportunity Employer.

Title Code No. 70235; Police Service.

**For information about other exams. and your exam. or list status, call 212-669-1357.**
**Internet: nyc.gov/html/dcas**

THE CITY OF NEW YORK
DEPARTMENT OF CITYWIDE
ADMINISTRATIVE SERVICES
APPLICATIONS SECTION
18 WASHINGTON STREET
NEW YORK, NY 10004

**REQUIRED FORMS**

APPLICATION FORM

RUDOLPH W. GIULIANI
Mayor

WILLIAM J. DIAMOND
Commissioner

# NOTICE OF EXAMINATION

## PROMOTION TO SERGEANT, NEW YORK CITY POLICE DEPARTMENT

**Exam. No. 8551**
**Amended Notice (October 6, 1999)**

**WHEN TO APPLY:** From: June 2, 1999
To: June 22, 1999

**APPLICATION FEE: $60.00**
*Payable only by money order to D.C.A.S. (DOP)*

**THE TEST DATE:** Multiple-choice test expected to be held on **Saturday, October 30, 1999.**

The Notice of Examination for Promotion to Sergeant is amended as follows:

1. Change the Physical Fitness Award section to read: Credit for the Physical Fitness Award will be 0.200 points for each of the four events comprising the physical fitness test. An additional 0.200 points will be awarded upon successful completion of all events. A maximum of 1.00 point may be earned towards the overall test. Scores for each event will be based on norms for gender and age. Candidates must pass the qualifying first event (1 ½ mile run) to be eligible for the remaining three events.

2. Add the paragraph: Sergeants are required to work Saturdays, Sundays, holidays, nights and change of tours or work overtime when ordered as permitted by the collective bargaining agreement.

3. Under the Eligibility to Take Examination section, delete the reference to Transit Police and Housing Authority Police Departments.

4. Delete the Selective Certification for Foreign Language section.

**WHAT THE JOB INVOLVES:** Sergeants, under general supervision of a higher ranking officer, are responsible and accountable for the supervision of subordinates; instruct and counsel subordinates in their duties; are responsible for subordinates' general appearance, punctuality, attendance, productivity, good order and discipline; supervise police activity at the operational level and evaluate the quality of subordinates' performance; perform all additional functions prescribed for the rank by relevant laws, rules, procedures, orders or directives of the Police Department; perform special duties or assignments as directed by the Police Commissioner at his/her discretion; and perform related duties.

Sergeants complete and/or review reports, forms and logs; make required notifications and other communications; interact with the community and implement programs; make adjustments to roll call and assign personnel; monitor subordinates; assess local area and coordinate activities in the field; conduct preliminary searches/investigations; direct arrest and detention procedures; safeguard evidence and non-police department property; safeguard/inspect police department property; evaluate personnel and recommend actions; and train and counsel subordinates.

Sergeants are required to work Saturdays, Sundays, holidays, nights and change of tours or work overtime when ordered as permitted by the collective bargaining agreement.

Some of the physical activities performed by Sergeants and environmental conditions experienced are: working outdoors in all kinds of weather; walking and/or standing in an assigned area during a tour; driving or sitting in a patrol car during a tour while remaining alert; running after a fleeing suspect; climbing up stairs; carrying an injured adult with assistance; gripping persons to prevent escape; restraining a suspect by use of handcuffs; detecting odors such as those caused by smoke or gas leaks; engaging in hand to hand struggles to subdue a

**READ CAREFULLY AND SAVE FOR FUTURE REFERENCE**

suspect resisting arrest; being physically active for prolonged periods of time; understanding verbal communication over the radio with background noise; reading and writing under low light conditions; carrying or wearing heavy equipment and wearing a bulletproof vest.

(This is a brief description of what you might do in this position and does not include all the duties of this position.)

**THE SALARY:** The current minimum salary is $52,276 per annum. This rate is subject to change.

**HOW TO APPLY:** If you believe you are eligible to take this examination, refer to the "Required Forms" section below for the form(s) that you must fill out. Return all completed form(s) and the application fee to the above address **by mail only**. Applications will not be accepted in person.

**ELIGIBILITY TO TAKE EXAMINATION:** This examination is open to each employee of the New York City Police Department who **on the date of the multiple-choice test:**

(1) is permanently (not provisionally) employed in or appears on a preferred list for the title of Police Officer;

(5) has served as a permanent employee in such title in the New York City Police Department for a period totaling three years immediately preceding that date; and

(3) is not otherwise ineligible.

If you do not know your permanent title or whether you are on a preferred list, check with **your agency's personnel office**. If you are marked "not eligible", your application fee will not be refunded. You may be given the test before a review of your eligibility.

**CREDIT FOR PRIOR SERVICE IN A UNIFORMED TITLE IN THE FIRE DEPARTMENT:** In accordance with Sections 14-112 and 14-113 of the New York City Administrative Code, any member of the police force of the New York City Police Department who, prior to his or her appointment or employment as such, has served as a member of the uniformed force of the Fire Department, shall have the time served in such position(s) counted as service in the eligible title in determining eligibility and seniority for this promotion.

**REQUIREMENT(S) TO BE APPOINTED:**

**Time Served as a Police Officer:** To be eligible for promotion, you must have served permanently in the rank of Police Officer in any one or combination of the New York City Police, Transit Police or Housing Authority Police Departments for at least five years, have successfully completed the probationary period for Police Officer, and be permanently employed as a Police Officer at the time of promotion. If permanent service as a Police Officer in any one or combination of the New York City Police, Transit Police or Housing Authority Police Departments has been interrupted by a break in service of more than one year, then only time served subsequent to the break in service will count toward the five year requirement.

**Education Requirement:** Eligibles must have attained sixty-four (64) college credits before promotion to the rank of Sergeant. The 64 college credits must have been earned as a result of satisfactory completion of course work at an accredited college or university. Any employee who has graduated from the Police Academy since 1974 may have earned college credits which can be used towards meeting this Education Requirement. College credits earned as a result of graduating from the Police Academy can only be used towards meeting the education requirement if they are accepted and listed on an accredited college or university official transcript.

**Investigation:** To be promoted, candidates must present to the Police Department all the official documents and proof required to qualify.

**Drug Testing:** All eligibles for promotion to this position will be required to submit to a drug test. This one time drug test may occur prior to promotion or after promotion during the probationary period. This drug test will be required in addition to any other drug testing conducted by the New York City Police Department, such as random drug testing.

**Driver License Requirement:** By the time you are appointed to this position, you must have a motor vehicle driver license valid in the State of New York. This license must be maintained for the duration of your employment.

**REQUIRED FORM(S):**

**Application for Examination:** Make sure that you follow all instructions included with your application form, including payment of fee. Save the instructions for future reference.

**ADMISSION CARD:** You should receive an Admission Card in the mail about 10 days before the date of the test. If you do not receive an Admission Card at least 4 days before the test date, you must go to the Examining Service Section, 2 Washington Street, 17th floor, Manhattan, to obtain a duplicate card.

**THE TEST**: You will be given a multiple-choice test. The passmark on the test will be the score of the 1,750th highest scoring candidate plus ties, and is based on the projected staffing needs of the New York City Police Department. Ratings for seniority, departmental awards and, if applicable, veterans' preference credit and residency credit will be added to the written test scores of passing candidates only, to determine final scores.

The multiple-choice test is designed to assess the extent to which candidates have certain abilities and technical knowledge determined to be important to the performance of the tasks of a Sergeant. Task areas to be tested are as follows: complete and/or review reports, forms and logs; make required notifications and other communications; interact with the community and implement programs; make adjustments to roll call and assign personnel during tour; monitor subordinates; assess local area and coordinate activities in the field; conduct preliminary searches/investigations; direct arrest and detention procedures; safeguard evidence and non-police department property; safeguard/inspect police department property (including the station house and other police facilities); evaluate personnel and recommend actions (discipline, transfer, awards or discretionary assignments); and train and counsel subordinates.

The test may include questions which require mastery of technical knowledge based on such materials as the NYCPD Patrol Guide, Interim Orders, Legal Bureau Bulletins, New York State Penal Law and Criminal Procedure Law, and Mayor's Executive Order No. 16 of 1978 as amended. Questions may address any of the following areas: Aided Cases; Accidents; Complaints; Summonses; Arrests; Prisoners; Property; Court and Agency Appearances; Patrol Supervision; Special Patrol Operations; Disciplinary Matters; Personnel Matters; Uniforms, Equipment and Department Property; Juveniles; Penal Law; Criminal Procedure Law; Family Court Act; and Legal Guidelines and Bulletins.

The test may also include questions which may require the use of any of the following abilities:

1. Written Communication - Clear expression of ideas in writing and use of good grammatical form.
2. Planning and Organizing - Establishing a course of action for self and/or others to accomplish a specific goal; planning proper assignment of personnel and appropriate allocation of resources.
3. Delegation - Utilizing subordinates effectively; allocating decision making and other responsibilities to the appropriate subordinates.
4. Sensitivity - Actions that indicate a consideration for the feelings and needs of others.
5. Analysis - Identifying problems, securing relevant information, relating data from different sources, and identifying possible causes of problems.
6. Judgment - Developing alternative courses of action and making decisions based on logical assumptions that reflect factual information.
7. Decisiveness - Readiness to make decisions, render judgments, take action, or commit oneself.
8. Technical Translation - Demonstrating knowledge of the meaning of technical/professional terminology used on the job.

Certain questions may be answered on the basis of documents or other information supplied to candidates on the date of the written multiple-choice test.

**New York City Residency Credit**: Two and one-half points will be added to the final exam score of those candidates who qualify for New York City Residency Credit. To be eligible for the residency credit, a candidate must achieve a passing score on the written test and must maintain a continuous period of residency in New York City from the date of the written test to the date of list establishment. Candidates interested in seeking the residency credit will be given an opportunity to request the credit at the written examination. Follow the instructions given to you in the multiple-choice test booklet on the day of the test to indicate your interest in the New York City Residency Credit.

Eligibility for the residency credit will be investigated by the New York City Police Department. Candidates will be required to produce written verification of their New York City residency from the date of the written test to the date of list establishment. The documents presented must represent the period of time for which City residency is claimed. Inability to produce the required verification of residence documents for the continuous period of residency will result in the forfeiture of the New York City Residency Credit and an adjustment in the final score. Documents that will be investigated to prove New York City residency will include, but are not limited to, a copy of a lease or mortgage in the candidate's name plus one of the following (also in the candidate's name): telephone bills; gas, electric or water utility bills; checking or savings account statements; cable TV bills; or credit card statements. The New York City Police Department reserves the right to accept other documents, in lieu of the above, under special circumstances which validate various living arrangements, such as residing with parents, etc., as determined by the Department. As in the case of any intentional misrepresentation of a material fact on an employment application, candidates who claim New York City residency credit and who are determined to have intentionally misrepresented facts concerning New York City residency shall be disqualified and their names shall be removed from the eligible list, and they may be subject to criminal sanctions.

**Note: Eligibility to take the Promotion to Sergeant (NYCPD) examination and to be promoted from the resulting eligibility list, however, is not limited to New York City residents. Pursuant to the New York State Public Officers Law, anyone employed as a Sergeant in the New York City Police Department must**

be a resident of the City of New York, or Nassau, Suffolk, Westchester, Orange, Rockland or Putnam Counties.

**SENIORITY AND DEPARTMENTAL AWARDS:** Additional points for Seniority and Departmental Awards, if applicable, will be awarded only to candidates who pass the written test.

**Method of Computing Seniority:** Use the following chart to determine the points credited for seniority in the eligible title of Police Officer in any one or combination of the New York City Police, Transit Police or Housing Authority Police Departments, subject to the conditions listed below.

| If your date of permanent appointment to Police Officer is: | You will receive the following points: | If your date of permanent appointment to Police Officer is: | You will receive the following points: |
|---|---|---|---|
| 10/31/96 or after | Not eligible | 1/31/93 - 4/30/93 | 3.738 |
| 7/31/96 - 10/30/96 | 0.700 | 10/31/92 - 1/30/93 | 3.955 |
| 5/1/96 - 7/30/96 | 0.917 | 7/31/92 - 10/30/92 | 4.172 |
| 1/31/96 - 4/30/96 | 1.134 | 5/1/92 - 7/30/92 | 4.389 |
| 10/31/95 - 1/30/96 | 1.351 | 1/31/92 - 4/30/92 | 4.606 |
| 7/31/95 - 10/30/95 | 1.568 | 10/31/91 - 1/30/92 | 4.823 |
| 5/1/95 - 7/30/95 | 1.785 | 7/31/91 - 10/30/91 | 5.040 |
| 1/31/95 - 4/30/95 | 2.002 | 5/1/91 - 7/30/91 | 5.257 |
| 10/31/94 - 1/30/95 | 2.219 | 1/31/91 - 4/30/91 | 5.474 |
| 7/31/94 - 10/30/94 | 2.436 | 10/31/90 - 1/30/91 | 5.691 |
| 5/1/94 - 7/30/94 | 2.653 | 7/31/90 - 10/30/90 | 5.908 |
| 1/31/94 - 4/30/94 | 2.870 | 5/1/90 - 7/30/90 | 6.125 |
| 10/31/93 - 1/30/94 | 3.087 | 1/31/90 - 4/30/90 | 6.342 |
| 7/31/93 - 10/30/93 | 3.304 | 10/31/89 - 1/30/90 | 6.559 |
| 5/1/93 - 7/30/93 | 3.521 | 10/30/89 or earlier | 6.776 |

**Conditions:**

Service in titles other than Police Officer in any one or combination of the New York City Police, Transit Police or Housing Authority Police Departments will not be given seniority credit, except as provided by law.

Service during the above time periods that is not continuous may result in lower seniority credit. No additional credit will be given for more than 10 years of permanent service in the eligible title, nor will credit be given for more than the actual amount of service an eligible has, except as provided by Section 243 of the State Military Law. Any person who, pursuant to Court Order or otherwise, has been accorded retroactive seniority by the Department of Citywide Administrative Services in the title of Police Officer in any one or combination of the New York City Police, Transit Police or Housing Authority Police Departments shall be given appropriate credit. Time off payroll may be deducted from your seniority score.

In addition, if permanent service as Police Officer in any one or combination of the New York City Police, Transit Police or Housing Authority Police Departments has been interrupted by a break in service of more than one year, then only time served subsequent to the break in service will be counted for seniority purposes.

**Departmental Awards:** Use the following chart to determine the points credited for Departmental Awards.

| For each award: | Add the following points: |
|---|---|
| Department Medal of Honor | 0.375 |
| Police Combat Cross | 0.219 |
| Medal for Merit | 0.188 |
| Honorable Mention | 0.156 |
| Exceptional Merit | 0.125 |
| Commendation | 0.094 |
| Meritorious Police Duty | 0.063 |
| Excellent Police Duty | 0.031 |
| Physical Fitness Award | 1.000 |

**Terms and Conditions Governing Credit for Departmental Awards:**

a. Credit for Honorable Mention shall not be given for the same act in addition to the credit for the Department Medal of Honor, the Police Combat Cross, or the Medal for Merit.

b. Credit shall not be given for Excellent Police Duty awarded in connection with the Police Department's Blood Bank Program.

c. Credit for the Physical Fitness Award will be 0.200 points for each of the four events comprising the physical fitness test. An additional 0.200 points will be awarded upon successful completion of all events. A maximum of 1.00 point may be earned towards the overall test. Scores for each event will be based on norms for gender and age. Candidates must pass the qualifying first event (1 ½ mile run) to be eligible for the remaining three events.

d. Credit for awards is granted in one successful examination only, i.e., an examination in which the participating candidate attains a place on the eligible list and from which list he/she is subsequently promoted and passes probation. Credit for an award will not be split between two promotion exams. If a candidate previously reached the maximum on Seniority and Department Awards for other promotion exams by using less than the full value of an award, the remainder of the value of the award will not be granted on this examination.

e. Credit for awards must be used by the candidate at the earliest opportunity, i.e., in the first successful examination following acquisition and recognition of the award. Credit for awards will be granted in date order, i.e, oldest awards will be credited first, with the exception of the Physical Fitness Award, which will be granted first.

f. Only departmental awards granted on or before the date of the written test will be credited, with the exception of the Physical Fitness Award. No credit will be given for a Physical Fitness Award granted in conjunction with an earlier test (i.e., Sergeant).

g. Credit for awards earned while employed by the New York City Transit Police Department or the New York City Housing Authority Police Department will be granted to eligible candidates in compliance with NYCPD Operations Order No. 94 dated 7/27/93.

h. The maximum total credit attainable on Seniority and Departmental Awards is 9.027 points. Credit for seniority will be granted before granting credit for awards. This will allow maximum use of awards. Any additional credit earned for awards beyond the maximum may be granted in a subsequent promotion examination, except for awards given partial credit as indicated in "d" above.

**THE TEST RESULTS:** If you pass the multiple-choice test and are marked eligible, your name will be placed in final score order on an eligible list and you will be given a list number. You will be notified by mail of your test results. If you meet all requirements and conditions, you will be considered for appointment when your name is reached on the eligible list.

ADDITIONAL INFORMATION:

**Probationary Period:** The probationary period for Sergeants promoted as a result of this examination will be eighteen (18) months. However, the last six (6) months of the probationary period, or any part thereof, may be waived if performance is satisfactory; or, the probationary period may be extended for an additional six (6) months.

**List Termination:** The eligible list resulting from this examination will be terminated one year from the date it is established, unless extended by the Commissioner of the Department of Citywide Administrative Services.

SPECIAL ARRANGEMENTS:

**Late Filing:** Consult **your agency's personnel office** to determine the procedure for filing a late application if you meet one or more of the following conditions:

(1) You are absent from work for at least one-half of the application period and cannot apply for a reason such as vacation, sick leave or military duty; or
(2) You are appointed to an eligible title after the above application period but on or before the date of the multiple-choice test.

**Special Test Accommodations:** If you plan to request special testing accommodations due to disability or an alternate test date due to your religious belief, follow the instructions included with the "Application for Examination."

**Make-up Test:** You may apply for a make-up test if you cannot take the test on the regular test date for any of the following reasons:

(a) compulsory attendance before a public body;
(b) on-the-job injury or illness caused by municipal employment;
(c) absence for one week following the death of a spouse, domestic partner, parent, sibling, child or child of a domestic partner;
(d) absence due to ordered military duty; or
(e) a clear error for which the Department of Citywide Administrative Services or the examining agency is responsible.

To request a make-up test, contact the Examining Service Section, 2 Washington Street, 17th Floor, New York, NY 10004, in person or by certified mail as soon as possible and provide documentation of the special circumstances.

The General Examination Regulations of the Department of Citywide Administrative Services apply to this examination and are part of this Notice of Examination. They are posted and copies are available in the Applications Section of the Division of Citywide Personnel Services, 18 Washington Street, NY, NY.

The City of New York is an Equal Opportunity Employer.

Title Code No. 70235; Police Service.

For Recorded Information About Examinations for Other City Jobs, Call 212-487-JOBS
Internet: www.ci.nyc.ny.us/html/dcas/home.html

THE CITY OF NEW YORK
DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES
APPLICATIONS CENTER
18 WASHINGTON STREET
NEW YORK, NY 10004

| REQUIRED FORMS |
| --- |
| APPLICATION FORM |

RUDOLPH W. GIULIANI
Mayor

WILLIAM J. DIAMOND
Commissioner

# NOTICE OF EXAMINATION

## PROMOTION TO SERGEANT, NEW YORK CITY POLICE DEPARTMENT
Exam. No. 1529
THIRD AMENDED NOTICE (FEBRUARY 6, 2002)

WHEN TO APPLY: From: December 19, 2001
To: December 28, 2001

APPLICATION FEE: $60.00
*Payable only by money order to D.C.A.S. (EXAMS)*

THE TEST DATE: Multiple-choice test expected to be held on Saturday, February 9, 2002.

The Notice of Examination is amended in the Requirements to be Appointed Section by adding an Associates Degree as an option for meeting the Education Requirement.

WHAT THE JOB INVOLVES: Sergeants, under general supervision of a higher ranking officer, are responsible and accountable for the supervision of subordinates; instruct and counsel subordinates in their duties; are responsible for subordinates' general appearance, punctuality, attendance, productivity, good order and discipline; supervise police activity at the operational level and evaluate the quality of subordinates' performance; perform all additional functions prescribed for the rank by relevant laws, rules, procedures, orders or directives of the Police Department; perform special duties or assignments as directed by the Police Commissioner at his/her discretion; and perform related duties.

Sergeants complete and/or review reports, forms and logs; make required notifications and other communications; interact with the community and implement programs; make adjustments to roll call and assign personnel; monitor subordinates; assess local area and coordinate activities in the field; conduct preliminary searches/investigations; direct arrest and detention procedures; safeguard evidence and non-police department property; safeguard/inspect police department property; evaluate personnel and recommend actions; and train and counsel subordinates.

Sergeants are required to work Saturdays, Sundays, holidays, nights and change of tours or work overtime when ordered as permitted by the collective bargaining agreement.

Some of the physical activities performed by Sergeants and environmental conditions experienced are: working outdoors in all kinds of weather; walking and/or standing in an assigned area during a tour; driving or sitting in a patrol car during a tour while remaining alert; running after a fleeing suspect; climbing up stairs; carrying an injured adult with assistance; gripping persons to prevent escape; restraining a suspect by use of handcuffs; detecting odors such as those caused by smoke or gas leaks; engaging in hand to hand struggles to subdue a suspect resisting arrest; being physically active for prolonged periods of time; understanding verbal communication over the radio with background noise; reading and writing under low light conditions; carrying or wearing heavy equipment and wearing a bulletproof vest.

(This is a brief description of what you might do in this position and does not include all the duties of this position.)

THE SALARY: The current minimum salary is $55,413 per annum. This rate is subject to change.

HOW TO APPLY: If you believe you are eligible to take this examination, refer to the "Required Forms" section below for the form(s) that you must fill out. Return all completed form(s) and the application fee to DCAS Applications Section, 1 Centre Street, 14th floor, New York, NY 10007 by mail only. Applications will not be accepted in person.

ELIGIBILITY TO TAKE EXAMINATION: This examination is open to each employee of the New York City Police Department who on the date of the multiple-choice test:

(1) is permanently (not provisionally) employed in or appears on a Preferred List (see Note, below) for the title of Police Officer;

READ CAREFULLY AND SAVE FOR FUTURE REFERENCE

(2) has served as a permanent employee in such title in the New York City Police Department for a period totaling three years preceding that date; and

(3) is not otherwise ineligible.

(Note: A "Preferred List" is a civil service list which is only for certain former permanent incumbents of the eligible title who have rehiring rights.)

If you do not know your permanent title or whether you are on a Preferred List, check with your agency's personnel office. If you are marked "not eligible", your application fee will not be refunded and your test paper(s) will not be rated.

You may be given the test before a review of your eligibility.

Note: See "FORMER FIRE SERVICE" section, and "EFFECTS OF A BREAK IN SERVICE" section, below.

REQUIRED FORM(S):

Application for Examination: Make sure that you follow all instructions included with your application form, including payment of fee. Save a copy of the instructions for future reference.

ELIGIBILITY TO BE PROMOTED:

To be eligible for promotion, you must have served permanently in the rank of Police Officer in any one or combination of the New York City Police, Transit Police or Housing Authority Police Departments for at least five years and, have successfully completed the probationary period for Police Officer. Additionally, you must be permanently employed as a Police Officer or your name must appear on a Preferred List for Police Officer at the time of promotion.

Note: See "FORMER FIRE SERVICE" section, and "EFFECTS OF A BREAK IN SERVICE" section, below.

REQUIREMENT(S) TO BE APPOINTED:

Education Requirement: Eligibles must have attained sixty-four (64) college credits or an Associates Degree before promotion to the rank of Sergeant. The 64 college credits or the Associates Degree must have been earned as a result of satisfactory completion of course work at an accredited college or university. Eligibles are required to submit Official Transcripts to the Educational Tracking Unit, Police Academy, 235 East 20 Street, New York, N.Y. 10003 as soon as practicable. Only Official copies of transcripts will be utilized to determine whether a candidate has fulfilled the Education Requirement. An employee who has graduated from the Police Academy since 1974 may be able to earn college credits based upon his or her graduation from the Police Academy. These college credits can be used towards meeting this Education Requirement; however, these college credits can only be used towards meeting the Education Requirement if they are accepted and listed on an accredited college or university official transcript.

Drug Testing: All eligibles for promotion to this position will be required to submit to a drug test. This one time drug test may occur prior to promotion or after promotion during the probationary period. This drug test will be required in addition to any other drug testing conducted by the New York City Police Department, such as random drug testing.

Driver License Requirement: For appointment to this position, an eligible must have a motor vehicle license valid in the State of New York. This license must be maintained for the duration of employment.

Investigation: To be promoted, candidates must present to the Police Department all the official documents and proof required to qualify.

THE TEST: You will be given a multiple-choice test. The passmark on the test will be the score of the 2,000th highest scoring candidate plus ties, and is based on the projected staffing needs of the New York City Police Department. Ratings for seniority, departmental awards and, if applicable, veterans' preference credit and residency credit will be added to the written test scores of passing candidates only, to determine final scores.

The multiple-choice test is designed to assess the extent to which candidates have certain abilities and technical knowledge determined to be important to the performance of the tasks of a Sergeant. Task areas to be tested are as follows: complete and/or review reports, forms and logs; make required notifications and other communications; interact with the community and implement programs; make adjustments to roll call and assign personnel during tour; monitor subordinates; assess local area and coordinate activities in the field; conduct preliminary searches/investigations; direct arrest and detention procedures; safeguard evidence and non-police department property; safeguard/inspect police department property (including the station house and other police facilities); and train and counsel subordinates.

The test may include questions which require mastery of technical knowledge based on such materials as the NYCPD Patrol Guide, Interim Orders, Legal Bureau Bulletins, New York State Penal Law and Criminal Procedure Law, and Mayor's Executive Order No. 16 of 1978 as amended. Questions may address any of the following areas: Aided Cases; Accidents; Complaints; Summonses; Arrests; Prisoners; Property; Court and Agency Appearances; Patrol Supervision; Special Patrol Operations; Disciplinary Matters; Personnel Matters; Uniforms, Equipment and Department Property; Juveniles; Penal Law; Criminal Procedure Law; Family Court Act; and Legal Guidelines and Bulletins.

The test may also include questions which may require the use of any of the following abilities:

1. Written Communication - Clear expression of ideas in writing and use of good grammatical form.
2. Planning and Organizing - Establishing a course of action for self and/or others to accomplish a specific goal; planning proper assignment of personnel and appropriate allocation of resources.
3. Delegation - Utilizing subordinates effectively; allocating decision making and other responsibilities to the appropriate subordinates.
4. Management Control - Establishing procedures to monitor and/or regulate processes, tasks or activities of subordinates and job activities and responsibilities; taking action to monitor the results of delegated assignments or projects.
5. Analysis - Identifying problems, securing relevant information, relating data from different sources, and identifying possible causes of problems.
6. Judgment - Developing alternative courses of action and making decisions based on logical assumptions that reflect factual information.
7. Decisiveness - Readiness to make decisions, render judgments, take action, or commit oneself.

Certain questions may be answered on the basis of documents or other information supplied to candidates on the date of the written multiple-choice test.

ADMISSION CARD: You should receive an Admission Card in the mail about 10 days before the date of the test. If you do not receive an Admission Card at least 4 days before the test date, you must go to the Examining Service Section, 1 Centre Street, 14th floor, Manhattan, to obtain a duplicate card.

**New York City Residency Credit:** Two and one-half points will be added to the final exam score of those candidates who qualify for New York City Residency Credit. To be eligible for the residency credit, a candidate must achieve a passing score on the written test and must maintain a continuous period of residency in New York City from the date of the written test to the date of list establishment. Candidates interested in seeking the residency credit will be given an opportunity to request the credit at the written examination. Follow the instructions given to you in the multiple-choice test booklet on the day of the test to indicate your interest in the New York City Residency Credit.

Eligibility for the residency credit will be investigated by the New York City Police Department. Candidates will be required to produce written verification of their New York City residency from the date of the written test to the date of list establishment. The documents presented must represent the period of time for which City residency is claimed. Inability to produce the required verification of residence documents for the continuous period of residency will result in the forfeiture of the New York City Residency Credit and an adjustment in the final score. Documents that will be investigated to prove New York City residency will include, but are not limited to, a copy of a lease or mortgage in the candidate's name plus one of the following (also in the candidate's name): telephone bills; gas, electric or water utility bills; checking or savings account statements; cable TV bills; or credit card statements. The New York City Police Department reserves the right to accept other documents, in lieu of the above, under special circumstances which validate various living arrangements, such as residing with parents, etc., as determined by the Department. As in the case of any intentional misrepresentation of a material fact on an employment application, candidates who claim New York City residency credit and who are determined to have intentionally misrepresented facts concerning New York City residency may be subject to the following penalties which may include: disqualification and the removal of their name from the eligible list, New York City Police Department disciplinary proceedings, and/or criminal sanctions.

**Note: Eligibility to take the Promotion to Sergeant (NYCPD) examination and to be promoted from the resulting eligibility list, however, is not limited to New York City residents. Pursuant to the New York State Public Officers Law, anyone employed as a Sergeant in the New York City Police Department must be a resident of the City of New York, or Nassau, Suffolk, Westchester, Orange, Rockland or Putnam Counties.**

SENIORITY AND DEPARTMENTAL AWARDS: Additional points for Seniority and Departmental Awards, if applicable, will be awarded only to candidates who pass the written test.

Method of Computing Seniority: Use the following chart to determine the points credited for seniority in the eligible title of Police Officer in any one or combination of the New York City Police, Transit Police or Housing Authority Police Departments, subject to the conditions listed below.

| If your date of permanent appointment to Police Officer is: | You will receive the following points: | If your date of permanent appointment to Police Officer is: | You will receive the following points: |
|---|---|---|---|
| 2/10/99 or after | Not eligible | 5/10/95 - 8/9/95 | 3.738 |
| 11/10/98 - 2/9/99 | 0.700 | 2/10/95 - 5/9/95 | 3.955 |
| 8/10/98 - 11/9/98 | 0.917 | 11/10/94 - 2/9/95 | 4.172 |
| 5/10/98 - 8/9/98 | 1.134 | 8/10/94 - 11/9/94 | 4.389 |
| 2/10/98 - 5/9/98 | 1.351 | 5/10/94 - 8/9/94 | 4.606 |
| 11/10/97 - 2/9/98 | 1.568 | 2/10/94 - 5/9/94 | 4.823 |
| 8/10/97 - 11/9/97 | 1.785 | 11/10/93 - 2/9/94 | 5.040 |
| 5/10/97 - 8/9/97 | 2.002 | 8/10/93 - 11/9/93 | 5.257 |
| 2/10/97 - 5/9/97 | 2.219 | 5/10/93 - 8/9/93 | 5.474 |
| 11/10/96 - 2/9/97 | 2.436 | 2/10/93 - 5/9/93 | 5.691 |
| 8/10/96 - 11/9/96 | 2.653 | 11/10/92 - 2/9/93 | 5.908 |
| 5/10/96 - 8/9/96 | 2.870 | 8/10/92 - 11/9/92 | 6.125 |
| 2/10/96 - 5/9/96 | 3.087 | 5/10/92 - 8/9/92 | 6.342 |
| 11/10/95 - 2/9/96 | 3.304 | 2/10/92 - 5/9/92 | 6.559 |
| 8/10/95 - 11/9/95 | 3.521 | 2/9/92 or earlier | 6.776 |

Conditions:

Service in titles other than Police Officer in any one or combination of the New York City Police, Transit Police or Housing Authority Police Departments will not be given seniority credit, except as provided by law. No additional credit will be given for more than 10 years of permanent service in the eligible title, nor will credit be given for more than the actual amount of service an eligible has, except as provided by Section 243 of the State Military Law. Any person who, pursuant to Court Order or otherwise, has been accorded retroactive seniority by the Department of Citywide Administrative Services in the title of Police Officer in any one or combination of the New York City Police, Transit Police or Housing Authority Police Departments shall be given appropriate credit.

Note: See "FORMER FIRE SERVICE" section, and "EFFECTS OF A BREAK IN SERVICE" section, below.

Departmental Awards: Use the following chart to determine the points credited for Departmental Awards.

| For each award: | Add the following points: |
|---|---|
| Department Medal of Honor | 0.375 |
| Police Combat Cross | 0.219 |
| Medal for Valor (Merit) | 0.188 |
| Honorable Mention | 0.156 |
| Exceptional Merit | 0.125 |
| Commendation | 0.094 |
| Meritorious Police Duty | 0.063 |
| Excellent Police Duty | 0.031 |
| Annual Physical Fitness Incentive Program | max of 0.500 per year to a max of 2.500 |
| Firearms Proficiency Incentive Program | maximum of 0.500 |

Terms and Conditions Governing Credit for Departmental Awards:

a. Credit for Honorable Mention shall not be given for the same act in addition to the credit for the Department Medal of Honor, the Police Combat Cross, or the Medal for Valor (Merit).

b. Credit shall not be given for Excellent Police Duty awarded in connection with the Police Department's Blood Bank Program.

c. Credit for the Annual Physical Fitness Incentive Program will be awarded at two-tenths (0.200) of one point for successful completion of the cardiovascular component. One-tenth (0.100) of one point will be awarded for each of the three remaining components (muscular strength, muscular endurance, flexibility). Consult Personnel Bureau Memo 28s.00 for further information about the program. Candidates must pass the

qualifying first event (cardiovascular component) to be eligible for the remaining events. A maximum of one-half (0.500) point per year earned may be applied toward the exam, to a total of 2.5 points.

d. Credit for the Firearms Proficiency Incentive Program will be a total of one-half (0.500) of one point awarded for successful completion of the competition. An award of two-tenths (0.200) of one point will be credited to candidates who successfully receive a score of 100 during the competition. An additional three-tenths (0.300) of one point will be awarded upon successful completion of all required phases of the competition. For complete information concerning the Firearms Proficiency Incentive Program, consult Personnel Bureau Memo 70s.01 issued 10-18-01.

e. Credit for awards is granted in one successful examination only, i.e., an examination in which the participating candidate attains a place on the eligible list and from which list he/she is subsequently promoted and passes probation. Credit for an award will not be split between two promotion exams.

f. Credit for awards must be used by the candidate at the earliest opportunity, i.e., in the first successful examination following acquisition and recognition of the award. Credit for awards will be granted in date order, i.e., oldest awards will be credited first, with the exception of the Annual Physical Fitness Incentive Program and the Firearms Proficiency Incentive Program, which will be granted first.

g Only departmental awards granted on or before the date of the written test will be credited, with the exception of the Annual Physical Fitness Incentive Program and the Firearms Proficiency Incentive Program. No credit will be given for the Annual Physical Fitness Incentive Program, and the Firearms Proficiency Award granted in conjunction with an earlier promotional exam where the candidate was placed on a resulting eligible list and from which list he/she was subsequently promoted and passed probation.

h. Credit for awards earned while employed by the New York City Transit Police Department or the New York City Housing Authority Police Department will be granted to eligible candidates in compliance with NYCPD Operations Order No. 94 dated 7/27/93.

i. The maximum total credit attainable on Seniority and Departmental Awards is 10.000 points. Credit for seniority will be granted before granting credit for awards. This will allow maximum use of awards. Any additional credit earned for awards beyond the maximum may be granted in a subsequent promotion examination, except for awards given partial credit as indicated in "e" above.

FORMER FIRE SERVICE: In accordance with Sections 14-112 and 14-113 of the New York City Administrative Code, any member of the police force of the New York City Police Department who, prior to his or her appointment or employment as such, has served as a member of the uniformed force of the Fire Department, shall have the time served in such position(s) counted as service in the eligible title in determining eligibility and seniority for this promotion.

EFFECTS OF A BREAK IN SERVICE: The period of a break in service will not be credited toward eligibility to take the examination, eligibility to be promoted, or in the computation of seniority credits. Additionally, any time served prior to a break in service of more than one year will not be credited for these purposes.

THE TEST RESULTS: If you pass the multiple-choice test and are marked eligible, your name will be placed in final score order on an eligible list and you will be given a list number. You will be notified by mail of your test results. If you meet all requirements and conditions, you will be considered for appointment when your name is reached on the eligible list.

ADDITIONAL INFORMATION:

Probationary Period: The probationary period for Sergeants promoted as a result of this examination will be eighteen (18) months. However, the last six (6) months of the probationary period, or any part thereof, may be waived if performance is satisfactory; or, the probationary period may be extended for an additional six (6) months.

List Termination: The eligible list resulting from this examination will be terminated one year from the date it is established, unless extended by the Commissioner.

SPECIAL ARRANGEMENTS:

Late Filing: Consult your agency's personnel office to determine the procedure for filing a late application if you meet the following condition:

> You are absent from work for at least one-half of the application period and cannot apply for reasons such as vacation, sick leave or military duty.

Special Test Accommodations: If you plan to request special testing accommodations due to disability or an alternate test date due to your religious belief, follow the instructions included with the "Application for Examination."

Make-up Test: You may apply for a make-up test if you cannot take the test on the regular test date for any of the following reasons:

(1) compulsory attendance before a public body;
(2) on-the-job injury or illness caused by municipal employment;
(3) absence for one week following the death of a spouse, domestic partner, parent, sibling, child or child of a domestic partner;
(4) absence due to ordered military duty; or
(5) a clear error for which the Department of Citywide Administrative Services or the examining agency is responsible.

To request a make-up test, contact the Examining Service Section, 1 Centre Street, 14th floor, New York, NY 10007, in person or by certified mail as soon as possible and provide documentation of the special circumstances.

The General Examination Regulations of the Department of Citywide Administrative Services apply to this examination and are part of this Notice of Examination. They are posted and copies are available in the Applications Center of the Division of Citywide Personnel Services, 18 Washington Street, NY, NY.

The City of New York is an Equal Opportunity Employer.

Title Code No. 70235; The Police Service

For Recorded Information About Examinations for Other City Jobs, Call 212-487-JOBS
Internet: nyc.gov/html/dcas