UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
EDWARD D. MULLINS, et al.,                            :
                                                      :
                     Plaintiffs,                      :
                                                      :   **MEMORANDUM**
                                                      :   **OPINION AND ORDER**
           - against -                                :
                                                      :   04 Civ. 2979 (SAS)
CITY OF NEW YORK and THE NEW                          :
YORK CITY POLICE DEPARTMENT,                          :
                                                      :
                     Defendants.                      :
                                                      :
------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

New York City police sergeants brought this action against the City and its police department to recover overtime compensation to which they are allegedly entitled under the Fair Labor Standards Act of 1938 (the "FLSA"), but for which they have not been paid. Following the close of discovery with respect to six categories of sergeants, plaintiffs moved for partial summary judgment on the issue of defendants' liability. By Opinion and Order dated November 6, 2007 (the "November 6 Order"), this Court granted summary judgment in favor of defendants on the issue of liability for the period from April 19, 2001 through

1

August 23, 2004. Plaintiffs' motion for partial summary judgment on the issue of liability for the period following August 23, 2004 was denied. Plaintiffs now request that the Court certify aspects of its ruling for immediate appeal pursuant to section 1292 of Title 28 of the United States Code ("section 1292").

## II. LEGAL STANDARD

It is a "basic tenet of federal law to delay appellate review until a final judgment has been entered."[1] However, a court, in its discretion, may certify an interlocutory order for appeal if the order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[2]

When considering certification, district courts must carefully evaluate whether each of the above conditions are met.[3] Courts place particular weight on the last of these three factors: whether immediate appeal will materially advance

---

[1] *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).

[2] 28 U.S.C. § 1292(b).

[3] *See, e.g., Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001) (denying motion for certification where defendant could not demonstrate substantial grounds for difference of opinion as to controlling questions of law).

the ultimate termination of the litigation.[4] "An immediate appeal is considered to advance the ultimate termination of the litigation if that 'appeal promises to advance the time for trial or to shorten the time required for trial.'"[5]

The Second Circuit has urged courts "to exercise great care in making a § 1292(b) certification."[6] "[O]nly 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"[7] Indeed, even where the three statutory criteria of section 1292(b) appear to be met, district courts have "unfettered discretion to deny certification" if other factors counsel against it.[8]

---

[4] *See Koehler,* 101 F.3d at 865-66 ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation."); *Lerner v. Millenco, L.P.,* 23 F. Supp. 2d 345, 347 (S.D.N.Y. 1998) ("The Court of Appeals has emphasized the importance of the third consideration in determining the propriety of an interlocutory appeal.").

[5] *In re Oxford Health Plans, Inc.,* 182 F.R.D. 51 (S.D.N.Y. 1998) (quoting 16 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 3930 p. 432 (2d ed.1996)).

[6] *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.,* 964 F.2d 85, 89 (2d Cir. 1992).

[7] *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 25 (2d Cir. 1990) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978)).

[8] *National Asbestos Workers Med. Fund v. Philip Morris, Inc.,* 71 F. Supp. 2d 139, 162-63 (E.D.N.Y. 1999) (assuming the statutory criteria were met but nonetheless denying certification).

## III. DISCUSSION

The November 6 Order warrants certification because it presents precisely the type of inquiries that are appropriate for interlocutory appellate review. Moreover, an interlocutory appeal would be in the interests of all parties, and would ensure judicial economy.

The November 6 Order addressed two "controlling question[s] of law":[9] *first*, it addressed whether the Department of Labor's ("DOL") regulations, which are promulgated under the FLSA and which were revised and went into effect on August 23, 2004 – citing "police officers, detectives, deputy sheriffs . . . and similar employees, regardless of rank or pay level . . . ." as the types of first responders who are non-exempt from overtime pay requirements under the FLSA – mandates the non-exemption of police sergeants.[10]

*Second*, the November 6 Order addressed whether the reference to police sergeants in the preamble to the DOL's revised regulations as an example of first responders who are entitled to overtime compensation because their primary duty is not management, disposes of the primary duty inquiry as it pertains to

---

[9] 28 U.S.C. § 1292(b).

[10] 29 C.F.R. § 541.3.

police sergeants as a class of employees.[11]

In the November 6 Order, I held that, upon a review of the record of undisputed facts, the nature of the primary duties performed by the police sergeant plaintiffs is properly characterized as managerial and they are therefore exempt from overtime compensation under the FLSA notwithstanding the above-stated references. Additionally, I held that the DOL regulations in effect prior to their revision govern plaintiffs' claim for the period prior to August 23, 2004, while the revised regulations govern the claims for the period following that date.

In so holding, this Court became the first and only court in the Second Circuit to consider the exempt status of police sergeants following the revision of the DOL's regulations. While the Court finds support for its holding in courts outside of this Circuit,[12] there remains a "substantial ground for difference of opinion."[13] Indeed, the DOL itself weighed in as an *amicus curiae* in this matter, concluding, inter alia, that the reference to police sergeants in the preamble to the revised regulations effectively disposes of the issue of sergeants' primary

---

[11]  *See* 69 Fed. Reg. 22122-01, 22129.

[12]  *See, e.g., Murphy, III v. Town of Natick*, 516 F. Supp. 2d 153 (D. Mass. 2007) (holding that police sergeants are exempt executives under both the pre-2004 and post-2004 federal regulations without discussion of or deference to the reference to sergeants made in the preamble to the DOL's revised regulations).

[13]  28 U.S.C. § 1292(b).

duty.[14] The Court of Appeals' guidance on the controlling questions of law in this action will clarify the extent, if at all, to which courts must independently evaluate the primary duties of police sergeants (and similarly-ranked first responders) in light of the language found in the DOL's preamble and revised regulations.

Moreover, "an immediate appeal" from the Court's November 6 Order will "materially advance the ultimate termination of the litigation."[15] Here, if the Court of Appeals reverses this Court – holding that police sergeants' primary duty is not management and they are therefore entitled to overtime compensation as non-exempt employees – the litigation will end. There will no longer be any need to try the remaining issue of disputed material fact following the November 6 Order as it pertains to the first category of police sergeants – *i.e.*, whether those sergeants have "the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any

---

[14] Brief of the Secretary of Labor as Amicus in the Disposition of Plaintiffs' Motion for Summary Judgment at 6-8 ("The preamble cites police sergeants as an example of a first responder who typically is nonexempt . . . the Secretary [of Labor]'s interpretation, as discussed in the preamble to the final rule and in this brief, is dispositive."). *See Klem v. County of Santa Clara*, No. C-91-20674, C-95-20454, 1998 WL 440425, at *7 (N.D. Cal. July 9, 1998) (finding "substantial ground for difference of opinion" where issue of law had been interpreted differently by courts in other circuits, and where those courts did not make any reference to the Secretary of Labor's interpretation of that issue).

[15] *Id.*

other change of status of other employees are given particular weight"[16] in the period following August 23, 2004.

Further, if the Court of Appeals holds that the DOL's revised regulations mandate that police sergeants are entitled to overtime compensation as non-exempt employees under the FLSA for the time period before and after the revision's effective date, as plaintiffs contend, then there will no longer be any need for the parties to complete discovery on the two remaining groups of test plaintiff sergeants to the extent such discovery has not already been completed pursuant to the May 2005 Joint Stipulation and Order Regarding Test Plaintiffs.[17] Any motions regarding the remaining groups of test plaintiffs that are anticipated by the parties would also be rendered moot by such a holding. Therefore, the Court of Appeals' decision on the interlocutory appeal in this matter will materially advance the termination of this case and obviate the need for protracted and expensive litigation on the issues of primary duties and status under the FLSA.

---

[16] 29 C.F.R. § 541.100.

[17] These two remaining groups of test plaintiffs are comprised of ten additional job categories, all carrying the title of "sergeant."

7

## IV. CONCLUSION

For the foregoing reasons, I hereby certify an interlocutory appeal from the November 6 Order pursuant to 28 U.S.C. § 1292(b).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
January 9, 2008

8

## - Appearances -

**For Plaintiffs:**

Lauren E. Schwartzreich, Esq.
Gregory K. McGillivary, Esq.
Woodley & McGillivary
1125 15th Street, Suite 400
Washington, DC 20005
(202) 833-8855

Andrew Quinn, Esq.
Quinn & Mellea
399 Knollwood Road, Suite 200
White Plains, New York 10603
(914) 997-0555

Stephen P. Younger, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

**For Defendants:**

Lorie E. Almon, Esq.
Gerald Maatman, Esq.
Robert S. Whitman, Esq.
Seyfarth Shaw LLP
1270 Avenue of the Americas, Suite 2500
New York, New York 10020
(212) 218-5500

Michele Molfetta
Assistant Corporation Counsel
NYC Law Department, Office of the Corporation Counsel
100 Church Street

New York, New York 10007
(212) 788-0922