UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MULLINS, EDWARD D., et al., )
)
Plaintiffs, )
)
v. ) C. A. No. 1:04-cv-2979 (SAS)
)
CITY OF NEW YORK, THE )
NEW YORK CITY POLICE )
DEPARTMENT, CHARLES A. )
CAMPISI, named in his individual )
and official capacities, and )
THOMAS MASON, named in his )
individual and official capacities, )
)
Defendants. )

## SECOND AMENDED COMPLAINT

### INTRODUCTION

Plaintiffs, by and through their counsel, for their complaint against the City of

New York ("New York City"), the New York City Police Department ("NYPD"),

Charles A. Campisi ("Chief Campisi"), and Thomas Mason ("Deputy Inspector Mason")

(hereinafter collectively referred to as "defendants"), state as follows:

### PARTIES

1.     Plaintiffs are and at all times material herein have been employed by

defendants in the position of sergeant in the New York City Police Department.

Plaintiffs bring this action for a declaratory judgment, back pay and other relief pursuant

to 29 U.S.C. § 207, 29 U.S.C. § 215(a)(3), 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 42

U.S.C. § 1983, to remedy the defendants' willful and unlawful violations of federal law
and of the U.S. Constitution complained of herein.

2.      Plaintiffs are identified in the caption of the Original Complaint and have
given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. §
216(b). Such written consents were appended to the Original and First Amended
Complaint in Appendices I and II. These written consent forms set forth each plaintiff's
name and address. Plaintiffs bring this action as a collective action on behalf of
themselves and all others similarly situated.

3.      Each of the plaintiffs in this action while employed by defendants in the
position of sergeant has been an "employee" within the meaning of the Fair Labor
Standards Act (FLSA), 29 U.S.C. Section 203(e)(1).

4.      Defendant New York City is, among other things, a juridical entity
amenable to suit under the FLSA and the U.S. Constitution in that it is, and was at all
times material hereto, a public agency within the meaning of Section 3(x) of the FLSA,
29 U.S.C. § 203(x) and a "person" within the meaning of 42 U.S.C. § 1983. New York
City has a principal office and place of business located at Broadway and Park Row, New
York, New York, and may be served with process by serving the Office of Corporation
Counsel, 100 Church Street, New York, 10007.

5.      Defendant New York Police Department ("NYPD") is an administrative
division of New York City and is, among other things, a juridical entity amenable to suit
under the FLSA in that it is, and was at all times material hereto, a public agency within
the meaning of Section 3(x) of the FLSA, 29 U.S.C. §203(x). The NYPD's principal
office is located at One Police Plaza, New York, New York.

2

6.      Defendant Charles A. Campisi is the Chief of the NYPD Internal Affairs Bureau ("IAB") and is actively engaged in the management, supervision and control of the operations and activities of the IAB. Defendant Chief Campisi is now and has been at all times material a "person" within the meaning of section 15(a)(3), 29 U.S.C. § 215(a)(3), of the FLSA and is personally liable for the violations of section 15(a)(3) complained of herein. Defendant Chief Campisi is now, and has been at all times material herein, a "person" within the meaning of 42 U.S.C. § 1983. Defendant Chief Campisi is named in his individual capacity and also in his official capacity. Defendant Chief Campisi is personally liable for the violations of 42 U.S.C. § 1983 and of the U.S. Constitution claimed herein. Defendant Chief Campisi is also personally liable under section 15(a)(3) of the FLSA for his actions.

7.      Defendant Thomas Mason is a Deputy Inspector of the NYPD IAB and is actively engaged in the management, supervision and control of the operations and activities of the IAB. Deputy Inspector Mason is now and has been at all times material a "person" within the meaning of section 3(a), 29 U.S.C. § 203(a), of the FLSA and is personally liable for the violations of section 15(a)(3) complained of herein. Deputy Inspector Mason is now, and has been at all times material herein, a "person" within the meaning of 42 U.S.C. § 1983. Deputy Inspector Mason is named in his individual capacity and also in his official capacity. Deputy Inspector Mason is personally liable for the violations of 42 U.S.C. § 1983 and of the U.S. Constitution claimed herein. Deputy Inspector Mason is also personally liable under section 15(a)(3) of the FLSA for his actions.

3

1457787v.1

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331,
29 U.S.C. § 216(b), and 42 U.S.C. §§ 1983.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

10.     At all times material herein, and since April 19, 2001, as well as before,
the plaintiffs have worked within the NYPD for defendants in the position of sergeant.

11.     Since April 19, 2001, while working in the position of sergeant on behalf
of defendants, plaintiffs' job duties are to perform work protecting and serving the public
including but not limited to responding to 911 emergency calls, making arrests, patrolling
sites that are potential terrorist targets, writing citations, conducting investigations,
apprehending suspects, serving warrants, resolving domestic disputes, conducting patrols,
backing up other police officers who are making arrests, guarding and transporting
prisoners, and testifying before grand juries, at court hearings and at trials.

12.     While working in the position of sergeant on behalf of defendants,
plaintiffs have worked in excess of 40 hours per week, including many occasions in
which plaintiffs have worked in excess of 43 hours per week, 86 hours in a biweekly pay
period and 171 hours in a 28 day period.

13.     During the times that plaintiffs have worked in excess of 40 hours per
week as well as those occasions in which they have worked in excess of 43 hours per
week or 171 hours in a 28 day period, defendants have failed to provide plaintiffs with
the rights and protections provided under the FLSA, including overtime pay at the rate of
one and one-half times their regular rates of pay for all hours plaintiffs have worked in

4

excess of the hourly standards set forth under 29 U.S.C. §§ 207(a) and (k).  Among other

things, defendants have violated the FLSA through such actions as (1) failing to

compensate plaintiffs for all hours worked by scheduling plaintiffs to work shifts longer

than 8 hours,  five days a week, but compensating plaintiffs only for 8 hours per day; (2)

suffering or permitting plaintiffs to perform duties before and after the official starting

and ending times of plaintiffs' scheduled work shifts and failing to compensate plaintiffs

for such work activities; (3)  failing to pay plaintiffs any overtime compensation unless

the time spent performing such overtime equaled or exceeded 15 minutes in length; (4)

failing to include all forms of shift differentials,  such as night shift differential, and other

payments required under the FLSA to be included in the plaintiff sergeants' regular rates

of pay for purposes of computing overtime compensation; and (5) failing and refusing to

provide plaintiffs with the right to be paid in cash rather than compensatory time for

overtime hours worked and, upon receipt of such compensatory time by plaintiffs,

defendants have failed to permit plaintiffs to use compensatory time within a reasonable

period of requesting to do so.

### FIRST CLAIM FOR RELIEF
### AGAINST DEFENDANTS NEW YORK CITY AND NYPD
### VIOLATIONS OF SECTIONS 207(a) AND (k) OF
### THE FAIR LABOR STANDARDS ACT

14.    Defendants New York City and NYPD have routinely suffered or

permitted plaintiffs to work before the official starting times of their shifts by scheduling

plaintiffs, pursuant to a duty chart, to work more than 8 hours in a day, yet defendants

have compensated plaintiffs only for 8 hours of work for that workday.  In addition,

defendants have routinely suffered or permitted plaintiffs to perform work activities at the

start and end of their shifts which are for the benefit of defendants, yet defendants have

5

not compensated plaintiffs for these activities.  Further, defendants have refused to

compensate plaintiffs for overtime compensation for work that they have suffered or

permitted plaintiffs to work unless the work performed equaled or exceeded 15 minutes

in length.  During workweeks and work periods in which plaintiffs have been suffered or

permitted to perform the activities set forth herein, plaintiffs have worked in excess of the

hourly standards for overtime compensation set forth under both Section 7(a) and Section

7(k) of the FLSA, 29 U.S.C. §§ 207(a) and (k).

      15.    During the workweeks in which defendant has suffered or permitted

plaintiffs to work without compensation in workweeks in which plaintiffs have worked

hours in excess of the hourly standards for overtime set forth under 29 U.S.C. §§ 207(a)

and (k), defendants have failed to provide plaintiffs with the rights and protections

provided under the FLSA, including defendant's failure to pay overtime at the rate of one

and one-half times their regular rates of pay for all hours plaintiffs have worked overtime.

      16.    By failing to pay the plaintiffs and other employees similarly situated the

overtime pay required under the law, the defendant has violated and is continuing to

violate in a willful and intentional manner the provisions of the FLSA.  As a result, at all

times material herein, the plaintiffs have been unlawfully deprived of overtime

compensation and other relief for the maximum period allowed under the law.

      17.    As a result of defendants' willful and purposeful violations of the FLSA,

there have become due and owing to the plaintiffs an amount that has not yet been

precisely determined.  The employment and work records for the plaintiffs are in the

exclusive possession, custody and control of defendants and their public agencies and the

plaintiffs are unable to state at this time the exact amount owing to them.  Defendants are

1457787v.1

under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory

and regulatory provisions to maintain and preserve payroll and other employment records

with respect to the plaintiffs and other employees similarly situated from which the

amount of defendants' liability can be ascertained.

     18.    Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated

damages in an amount equal to their back pay damages for the defendants' failure to pay

overtime compensation.

     19.    Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C.

§ 216(b).

### SECOND CLAIM FOR RELIEF
### AGAINST DEFENDANTS NEW YORK CITY AND NYPD
### VIOLATIONS OF SECTIONS 207(a) AND (k) OF
### THE FLSA BY FAILING TO COMPUTE
### THE PROPER RATE AT WHICH OVERTIME IS PAID

     20.    Plaintiffs are entitled under the collective bargaining agreement between

defendants and plaintiffs' collective bargaining representative, the Sergeants Benevolent

Association, to receive certain shift differentials and other payments  in addition to

plaintiffs' pay for regular hours worked.  For example, plaintiffs who work at night are

entitled to receive night shift differential in the amount of ten percent of the plaintiff's

regular pay.  When plaintiffs work overtime hours and the defendants have paid overtime

compensation to the plaintiffs for such overtime work, defendants have failed to include

night shift differentials and other forms of premium pay made in addition to plaintiffs'

regular pay in the rate at which defendants have calculated plaintiffs' overtime

compensation.

7

21.     Section 207(a) and (k) as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq.*, require that in the calculation of overtime pay due and owing under the FLSA, all forms of remuneration be included in the rate at which overtime is paid, with some limited exceptions set forth under 29 U.S.C. § 207(e). Premium payments, such as night shift differential, that are made in addition to employees regular pay must be included in the rate at which overtime is paid and are not among the exceptions set forth under 29 U.S.C. § 207(e). By failing to include these premium payments in the regular rate of pay at which overtime pay is calculated for the plaintiffs and other employees similarly situated, as required under the law, the defendants have violated and are continuing to violate in a willful and intentional manner, the provisions of the FLSA. As a result, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum period allowed under the law.

22.     As a result of the defendants' willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendants and their public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendants are under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendants' liability can be ascertained.

8

23.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated

damages in an amount equal to their back pay damages for the defendants' failure to pay

overtime compensation.

24.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C.

§ 216(b).

## THIRD CLAIM FOR RELIEF
### AGAINST DEFENDANTS NEW YORK CITY AND NYPD
### VIOLATION OF SECTION 207(o) OF
### THE FAIR LABOR STANDARDS ACT

25.     Section 207(o) of the FLSA, 29 U.S.C. § 207(o), permits the limited use of

compensatory time off as a substitute for cash compensation for overtime for public

sector employees, but only under the terms and conditions prescribed by the FLSA, 29

U.S.C. §207(o).

26.     Under the terms of Section 207(o) of the FLSA, an employer must honor

an employee's request to use compensatory time within a reasonable period following the

request, so long as the use of compensatory time would not "unduly disrupt" the

employer's operations. 29 U.S.C. § 207 (o)(5); 29 CFR § 553.25.

27.     Plaintiffs often work lengthy periods of time without an opportunity to or

hope of using compensatory time off because defendants routinely deny plaintiffs'

requests to use compensatory time off in circumstances under which no undue disruption

of the defendants' operations would result. Consequently, the plaintiffs are unable to

make use of compensatory time off as intended by Section 207(o) of the FLSA.

28.     Under the terms of Section 207(o) of the FLSA, an employer may not

require that employees accept compensatory time off in lieu of cash as payment for

overtime hours worked absent an agreement to do so. There is no agreement in place

9

which permits defendants to require that employees working at the rank of sergeant receive compensatory time in lieu of cash as payment for overtime hours worked.

29.     Notwithstanding the requirements of the FLSA and despite the absence of any agreement permitting defendants to do so, defendants have routinely required plaintiffs to accept compensatory time in lieu of cash compensation as payment for overtime hours worked. In particular, but not exclusively, this has occurred by defendants routinely forcing  plaintiffs to accept compensatory time off in lieu of cash compensation for all overtime hours when plaintiffs have already received a predetermined amount of hours of cash overtime compensation in a month, typically thirty-five (35) hours, or a quarter, typically one hundred and five (105) hours.

30.     There is no agreement in existence between the plaintiffs and defendants nor between the defendants and plaintiffs' authorized collective bargaining representative, the Sergeants Benevolent Association, that authorizes the Defendants to require plaintiffs to accept compensatory time off in lieu of cash compensation for overtime hours worked.

31.     As a result of the defendants' practices, the plaintiffs and all other similarly situated sergeants have been unable to receive cash compensation for all overtime hours worked as intended by Sections 207(a) and (o) of the FLSA.

32.     By failing to pay the plaintiffs and other employees similarly situated the overtime pay required under the law, the defendants, through their unlawful pay practices regarding compensatory time, have violated and are continuing to violate in a willful and intentional manner, Sections 207(a) and 207(o) of the FLSA, 29 U.S.C. §207(a) and (o). As a result, at all times material herein, the plaintiffs have been unlawfully deprived of

10

overtime compensation and other relief for the maximum statutory period allowed under federal law.

33.     As a result of the defendants' willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendants and their public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendants are under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

34.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendants' failure to pay overtime compensation.

35.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

### FOURTH CLAIM FOR RELIEF
### AGAINST DEFENDANTS NEW YORK CITY,
### CHIEF CAMPISI AND DEPUTY INSPECTOR MASON
### FOR VIOLATION OF SECTION 215(a)(3) OF THE FLSA

36.     Plaintiff Anthony Cioffi has been employed by the New York City Police Department since July 1988. He was promoted to the rank of sergeant in September 1996, and has been assigned to Public Safety Area 4 of the Housing Bureau of the New York City Police Department.

11

37. Sgt. Cioffi provided oral testimony in this matter during a deposition on November 15, 2005 taken by defendants' counsel.

38. Subsequent to that deposition, defendants Chief Campisi and Deputy Inspector Mason of the Internal Affairs Bureau of the New York City Police Department met with Seyfarth Shaw, LLP, counsel for defendants New York City and NYPD in this action, and determined to undertake an investigation into the deposition testimony of plaintiffs. Deputy Inspector Mason instructed a lieutenant in the IAB to review plaintiffs' deposition testimony for that purpose.

39. On February 11, 2008, Sgt. Cioffi received written notification from the Internal Affairs Bureau of the New York City Police Department, instructing him to appear for a disciplinary hearing the next day at the office of Chief Campisi of the Internal Affairs Unit. Sgt. Cioffi was further instructed to bring with him all memo books maintained at his work location from the year 2002 to the present.

40. On February 12, 2008, Sgt. Cioffi was advised that he would be interrogated under the provisions of Patrol Guide § 206.13 with respect to allegations by Seyfarth Shaw, LLP, counsel for Defendants New York City and NYPD in this matter. He was advised that Seyfarth Shaw alleged that he had knowingly and intentionally made false statements during his November 15, 2005 deposition in this lawsuit by misrepresenting his duties and responsibilities as a sergeant of the NYPD. He was further advised that he would be subject to further interrogation on the same subject matter by the Intelligence Division of the NYPD.

41. In accordance with New York City Patrol Guide § 206.13, the subject of an interrogation is involuntarily compelled to answer all questions asked during the

12

interrogation and the refusal to do so could result in additional disciplinary charges
against him and/or termination from the Department.

42.    Sgt. Cioffi was further advised that if he did not "tell the truth" during this
interrogation, in contrast to his allegedly untruthful testimony at his November 15
deposition, he could be terminated from his position as a New York City Police Sergeant.
Counsel for Sgt. Cioffi understood this to mean that Sgt. Cioffi was being instructed to
alter the sworn testimony given by him at his November 15, 2005 deposition.

43.    Sgt. Cioffi was further advised that he was a "subject" of a perjury
investigation into his November 15, 2005 deposition in this lawsuit. He was further
advised that if he failed to answer any of the questions put to him during the
investigation, he would be terminated from his position as a New York City Police
Sergeant.

44.    Sgt. Cioffi was interrogated on February 12, 2008, for well over three
hours. He was questioned repeatedly regarding answers he had provided during his
November 15, 2005 deposition, including whether certain answers had been "truthful."
The tone of the interrogation was openly hostile, coercive and intimidating.

45.    At the end of the interrogation, Sgt. Cioffi was advised that he may be
subject to further questioning relative to the same issues and was instructed to turn over
all memo books dating back to 2002.

46.    The interrogation of Sgt. Cioffi was a clear attempt by defendants New
York City, NYPD, Chief Campisi and Deputy Inspector Mason to coerce Sgt. Cioffi, as
well as other Plaintiffs, into reconsidering their participation in this lawsuit. The
interrogation was also an attempt by the City to use the IAB to circumvent the normal

13

channels of discovery in order to improperly obtain additional discovery outside the parameters of the Federal Rules.

47.     News of the disciplinary proceeding against Sgt. Cioffi, and of his interrogation, has spread among the plaintiffs in this matter. Since the February 12, 2008 interrogation, officials of the Sergeants Benevolent Association have received numerous phone calls from plaintiffs, including deposed plaintiffs, in this matter, inquiring whether they too would be questioned and subject to perjury charges for the truthful testimony that they gave during the course of their depositions in this lawsuit.

48.     Upon information and belief, it was defendants' intention that news of the disciplinary proceeding against Sgt. Cioffi and of his interrogation spread among the plaintiffs and have the effect of coercing them not to provide further support or evidence for their claims against defendants.

49.     Sergeant Edward Scott is a twenty-year veteran of the New York City Police Department who became eligible to retire in January 2008.

50.     Sgt. Scott provided oral testimony in this matter during a deposition on March 16, 2006 taken by defendants' counsel.

51.     In December 2007, Sgt. Scott entered into a plea agreement with the N.Y.P.D. Advocate's Office regarding a prior, unrelated disciplinary matter and was awaiting approval of the plea agreement by the Police Commissioner.

52.     On March 11, 2008, counsel for Sgt. Scott was informed by the N.Y.P.D. Advocate's Office that Sgt. Scott was the subject of an investigation into whether he gave false testimony during his deposition taken as part of this FLSA suit against the City. Because of this investigation, the Advocate's Office refused to forward Sgt. Scott's

14

earlier plea agreement to the Police Commissioner for approval, thereby preventing Sgt. Scott from retiring in good standing.

53.     As a result of the investigation into his deposition testimony and his concomitant inability to retire in good standing during the pendency of this lawsuit, Sgt. Scott faced either a continual decline in the value of his retirement benefits or the annulment of his plea agreement and possible loss of all of his retirement pension while a participant in this lawsuit.

54.     In an order dated March 21, 2008, and amended on April 10, 2008, this Court enjoined defendants from refusing to process Sgt. Scott's retirement based on the IAB's "perjury" investigation.

55.     On or about April 21, 2008, Sgt. Scott was informed that his retirement had been approved by the New York Police Commissioner and that he would be permitted to retire.

56.     The investigation of Sgt. Scott and defendants' refusal to process his retirement until directed by the Court that their "perjury" investigation could not be used as a ground to withhold approval of his retirement were clear attempts by the Department to impede the retirement of and/or create substantial financial hardship for Sgt. Scott and any other testifying plaintiff who sought retirement during the pendency of this lawsuit in order to coerce Sgt. Scott and other plaintiffs into reconsidering their participation in this lawsuit and/or altering their testimony given in the course of this lawsuit.

57.     Section 215(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), provides that it is unlawful to discharge or in any other manner discriminate against any employee because

15

such employee has caused to be instituted any proceeding under the Fair Labor Standards Act, or has testified in any such proceeding.

58.     Under section 215(a)(3), it is unlawful for "any person," including individuals and employers, to institute a disciplinary proceeding against an FLSA plaintiff in retaliation for his participation and/or testimony in an FLSA lawsuit and/or for the purposes of intimidating him and/or coercing him to alter his testimony.

59.     The IAB disciplinary proceedings against Plaintiffs Sgts. Cioffi and Scott and Sgt. Cioffi's February 12, 2008 interrogation are and were instituted and conducted by defendants New York City, Chief Campisi, and Deputy Inspector Mason in retaliation for their institution and participation in this proceeding under the Fair Labor Standards Act, and for the purposes of intimidation and coercion, in order to deter Sgt. Cioffi, Sgt. Scott, and other plaintiffs in this matter from providing any further information or evidence in support of the claims against defendants and/or drop out as plaintiffs in this lawsuit.

60.     Defendants' actions would have dissuaded any reasonable worker from making or supporting an FLSA claim.

61.     Defendants' investigation of Sgts. Cioffi and Scott constitutes a willful and intentional violation of section 215(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

62.     Plaintiffs are entitled to such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3), including injunctive relief barring defendants from (a) engaging in any further investigation of Sgt. Cioffi or Sgt. Scott relating to their testimony or participation in this matter; (b) using Sgt. Cioffi's February 12, 2008 testimony as the basis for any disciplinary action; (c) using any

16

1457787v.1

investigation into Sgt. Scott's testimony as the basis for impeding his ability to retire in good standing, and (d) investigating or disciplining any plaintiff in this matter based on his or her testimony or participation in this lawsuit, as well as any and all such damages necessary to effectuate the purposes of section 215(a)(3) including but not limited to compensatory and in addition, with respect to the individual defendant, punitive damages.

63.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## FIFTH CLAIM FOR RELIEF
## AGAINST DEFENDANTS NEW YORK CITY,
## CHIEF CAMPISI AND DEPUTY INSPECTOR MASON
## FOR DEPRIVATION OF RIGHTS TO
## PETITION FOR REDRESS OF GRIEVANCES
## AND OF FREE SPEECH UNDER
## THE FIRST AMENDMENT

64.     The right of Sgts. Cioffi and Scott and the other plaintiffs to file this lawsuit alleging violations of the FLSA is protected by the First Amendment Petition Clause of the United States Constitution. That Clause protects an employee from being retaliated against for exercising his right to petition for the redress of grievances by filing a lawsuit.

65.     Defendants New York City, Chief Campisi and Deputy Inspector Mason, individually, separately, and/or jointly, engaged in actions and decisions aimed at denying Sgt. Cioffi's and Sgt. Scott's Constitutional right to petition for redress of grievances by bringing this lawsuit, including but not limited to instituting an IAB investigation, conducting an interrogation under Patrol Guide § 206.13, making threats of termination and further interrogation, making efforts to intimidate Sgt. Cioffi and coerce

17

him into altering his testimony, and making efforts to impose financial hardship on Sgt.
Scott and other testifying plaintiffs in order to coerce them into dropping out of this suit.

66.     The right of the plaintiff sergeants to seek redress for violations of their
rights under the FLSA is protected by the petition clause of the First Amendment of the
United States Constitution. Here, plaintiffs seek to correct the system-wide policy of a
municipal agency that deprives its employees of their lawful compensation for overtime
worked. Moreover, because the employees in question constitute an integral part of the
police force, failure to comply with the FLSA directly impacts the ability of defendants to
maintain a police force necessary for the public order. Consequently, plaintiffs' FLSA
lawsuit touches upon a matter of public concern.

67.     Defendants New York City, Chief Campisi and Deputy Inspector Mason,
individually, separately, and/or jointly, engaged in actions and decisions aimed at
denying Sgt. Cioffi's and Sgt. Scott's exercise of their Constitutional right to offer
truthful testimony in support of plaintiffs' claims, including but not limited to instituting
an IAB investigation, conducting an interrogation under Patrol Guide § 206.13, making
threats of termination and further interrogation, making efforts to intimidate Sgt. Cioffi
and coerce him into altering his testimony, and making efforts to impose financial
hardship on Sgt. Scott and other testifying plaintiffs in order to coerce them into altering
their testimony.

68.     The right of plaintiffs to provide truthful testimony in support of this
lawsuit alleging violations of the FLSA is protected by the guarantee of freedom of
speech in the First Amendment of the United States Constitution. Their testimony in this
judicial proceeding is inherently of public concern.

18

69.     Such actions and decisions on the part of defendants New York City,
Chief Campisi and Deputy Inspector Mason, individually, separately, and/or jointly, have
chilled and deterred Sgts. Cioffi and Scott and other plaintiffs from exercising their
Constitutional rights to petition the courts for redress of violations of their rights under
the FLSA and to give truthful testimony in support of this lawsuit in violation of the First
and Fourteenth Amendments to the U.S. Constitution. The grounds and reasons offered
by Defendants for their adverse actions and decisions against Sgt. Cioffi were false and
pretextual.

70.     Such actions and decisions on the part of defendants New York City,
Chief Campisi and Deputy Inspector Mason, individually, separately, and/or jointly, have
caused, and will continue to cause, Sgts. Cioffi and Scott to suffer humiliation and harm
to their reputation, emotional and mental injuries, pain and suffering, financial and other
adverse consequences, for which Sgt. Cioffi and Sgt. Scott seek full damages and make
whole relief.

71.     Such actions and decisions on the part of defendant Chief Campisi and
Deputy Inspector Mason, including but not limited to instituting an IAB investigation,
conducting an interrogation under Patrol Guide § 206.13, making threats of termination
and further interrogation, making efforts to intimidate Sgt. Cioffi and coerce him to alter
his testimony, and making efforts impose financial hardship on Sgt. Scott and other
testifying plaintiffs in order to coerce them into altering their testimony and/or dropping
out of this suit were taken under the color of law, and have deprived Sgts. Cioffi and
Scott and the other plaintiffs of their rights secured by the U.S. Constitution in violation
of 42 U.S.C. § 1983, and for which liability and redress exist under 42 U.S.C. § 1983.

19

72.     Such unlawful actions and decisions make the Defendant New York City fully liable to Sgt. Cioffi, Sgt. Scott, and Plaintiffs under 42 U.S.C. § 1983 based on the authority and actual decisions of Defendants New York City, Chief Campisi and Deputy Inspector Mason, and because such unlawful actions and decisions were based on the policymaking and final decision-making authority of Defendant New York City, and pursuant to the policy, custom and practice of the City.

73.     Such unlawful actions and decisions of Defendants New York City, Chief Campisi and Deputy Inspector Mason were and are done in a knowing, willful, reckless, and bad faith manner, and violate clearly established constitutional and statutory provisions and rights of which a reasonable person would have known.

### DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand that their claims be tried before a jury.

WHEREFORE, the plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a) Enter judgment declaring that the defendants have willfully and wrongfully violated their statutory obligations, and deprived each of the plaintiffs of his rights;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c) Award plaintiffs monetary liquidated damages equal to their unpaid compensation;

(d) Award plaintiffs interest on their unpaid compensation;

20

(e)  Award plaintiffs nominal and compensatory damages, and punitive damages against the individual defendants, and such other damages necessary to effectuate the purposes of the FLSA, for violation of plaintiffs' rights under section 215(a)(3) of the FLSA.

(f)  Award plaintiffs nominal and compensatory damages, and punitive damages against the individual defendants, for violation of their rights under the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983;

(g)  Enter a permanent injunction restraining and preventing the defendants from (1) engaging in any further investigation of Sgt. Cioffi relating to his testimony or participation in this matter; (2) using Sgt. Cioffi's February 12, 2008 testimony as the basis for any disciplinary action; (3) using any investigation into Sgt. Scott's testimony as the basis for impeding his ability to retire in good standing; and (4) investigating or disciplining any plaintiff in this matter based on his or her testimony or participation in this lawsuit.

(h)  Award plaintiffs their reasonable attorneys fees to be paid by the defendants, and the costs and disbursements of this action; and

(i)  Grant such other relief as may be just and proper.

Respectfully submitted,

Andrew Quinn (SSN: 4059)
Quinn & Mellea
399 Knollwood Road
Suite 220
White Plains, NY  10603
Phone:  (914) 997 0555

21

1457787v.1

Gregory K. McGillivary (SSN: 0280)
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, DC  20005
Phone:  (202) 833-8855

Stephen P. Younger (SY 0120)
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York  10036

Of Counsel

22

1457787v.1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                                          :ss.:
COUNTY OF NEW YORK `       )

      MATTHEW M. FINNEGAN, being duly sworn, deposes and says:

      1.    I am over 18 years of age, not a party to this action, and am employed by the law firm of Patterson, Belknap, Webb & Tyler LLP, located at 1133 Avenue of the Americas, New York, New York 10036.

      2.    On July 16, 2008 I caused the foregoing **Second Amended Complaint** to be served by hand upon the following attorneys for the parties herein, directed to them at the address below:

Lorie Elizabeth Almon
Michael Tiliakos
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY  10018

James M. Lemonedes
NYC Law Department, Office of the Corporation Counsel
100 Church St.
New York, NY  10007

MATTHEW M. FINNEGAN
Lic. No. 0955687

Sworn to before me this 16th
day of July, 2008

Notary/Public

EDWIN J. VALLEJO
Notary Public, State of New York
No. 01VA6169270
Qualified in New York County
Commission Expires June 25, 2011