UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

EDWARD D. MULLINS, *et al.*,

        Plaintiffs,

- against -

CITY OF NEW YORK and THE NEW
YORK CITY POLICE DEPARTMENT,

        Defendants.

------------------------------------------------------- X

**MEMORANDUM**
**OPINION AND ORDER**

04 Civ. 2979 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

In 2004, New York City police sergeants ("plaintiffs") brought suit against the City of New York and the New York City Police Department ("NYPD") (collectively "defendants"), claiming systematic violation of their overtime rights under the Fair Labor Standards Act ("FLSA").[1] Following the close of discovery concerning six categories of sergeants, the parties cross-moved for summary judgment. On November 6, 2007, this Court denied plaintiffs' motion and granted defendants' motion in part.[2] The Court then conducted a five-

---

[1]     29 U.S.C. §§ 201-219.

[2]     *Mullins v. City of New York*, 523 F. Supp. 2d 339 (S.D.N.Y. 2007).

1

day jury trial to resolve the remaining disputed issue of fact, namely whether plaintiff sergeants' "'suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.'"[3] On July 18, 2008, the jury answered in the affirmative.[4] Plaintiffs now renew their pre-verdict motion for judgment as a matter of law and also move for a new trial. For the reasons that follow, plaintiffs' motions are denied.

## II. APPLICABLE LAW

### A. Judgment As a Matter of Law

Rule 50 permits a court to override a jury's verdict and enter judgment against a party where "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."[5] A jury verdict cannot be set aside lightly. A court may not grant judgment as a matter of law unless (1) there is such a "complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and

---

[3] *Id.* at 359 (quoting 29 C.F.R. § 541.100).

[4] *See* 9/18/08 Declaration of James Lemonedes, defendants' counsel, ¶ 5.

[5] Fed. R. Civ. P. 50(a).

conjecture" or (2) there is "such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it]."[6] Moreover, the scope of a post-verdict renewal of a motion for judgment as a matter of law under Rule 50(b) cannot exceed the pre-verdict motion made under Rule 50(a).[7]

"A court considering a request for judgment as a matter of law must 'consider the evidence in the light most favorable to the party against whom the motion was made and . . . give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence.'"[8] "'The court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury.'"[9]

**B.  Motion for a New Trial**

Rule 59 states that a court may order a new trial after a jury has

---

[6] *United States v. Space Hunters, Inc.*, 429 F.3d 416, 429 (2d Cir. 2005) (quoting *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1046 (2d Cir. 1992)). *Accord Doctor's Assocs. v. Weible*, 92 F.3d 108, 111-12 (2d Cir. 1996).

[7] *See Provost v. City of Newburgh*, 262 F.3d 146, 161 (2d Cir. 2001). *See also Lambert v. Genesee Hosp.*, 10 F.3d 46, 54 (2d Cir. 1993).

[8] *Space Hunters*, 429 F.3d at 429 (quoting *Tolbert v. Queens Coll.*, 242 F.3d 58, 70 (2d Cir. 2001)) (omission in original).

[9] *Id.* (quoting *Tolbert*, 242 F.3d at 70).

3

rendered its verdict "for any reason for which a new trial has heretofore been granted."[10] In practice courts do not grant new trials as freely as the language suggests. "'A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.'"[11] With this standard in mind, however, a court retains some discretion in determining whether to grant a new trial.[12]

## C. Deference to Agency Litigating Positions

Regulations and interpretations issued by the Department of Labor ("DoL") pursuant to notice and comment are entitled to substantial deference, applied by courts through two-step *Chevron* analysis.[13] However, not all DoL pronouncements are given such weight.[14] To the extent that an agency's litigating

---

[10] Fed. R. Civ. P. 59(a)(1)(A).

[11] *Tesser v. Board of Educ.*, 370 F.3d 314, 320 (2d Cir. 2004) (quoting *Hugo Boss Fashions, Inc. v. Federal Ins. Co.*, 252 F.3d 608, 623-24 (2d Cir. 2001)).

[12] *See, e.g., Kosmynka v. Polaris Indus.*, 462 F.3d 74, 82 (2d Cir. 2006).

[13] *See Long Island Care at Home, Ltd. v. Coke,* — U.S. —, 127 S. Ct. 2339 (2007). *See also Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984) (outlining the analytical process).

[14] *See Christensen v. Harris County*, 529 U.S. 576, 587 (2000).

4

position differs from or exceeds formal regulatory materials, it is not entitled to *Chevron* deference.[15] Nevertheless, such materials are entitled to *Skidmore* deference – respect in accordance with their "'power to persuade.'"[16]

**D.     The Hire/Fire Test**

Among other limitations, the "bona fide executive" exception to FLSA applies only to employees who have "the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight."[17] This is known as the hire/fire test.

> To determine whether an employee's suggestions and recommendations are given "particular weight," factors to be considered include, but are not limited to, whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions

---

[15]     *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 213 (1988). *See also In re New Times Sec. Servs., Inc.*, 371 F.3d 68, 82 (2d Cir. 2004) ("[T]he 'informal opinion' proffered by the SEC in its amicus brief 'lacks the force of law' and thus does not warrant *Chevron* deference.") (quoting *Chao v. Russell P. Le Frois Builder, Inc.*, 291 F.3d 219, 227 (2d Cir. 2002)).

[16]     *In re New Times Sec. Servs., Inc.*, 371 F.3d at 83 (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)).

[17]     29 C.F.R. § 541.100(a)(4).

and recommendations are relied upon."[18]

"An employee's suggestions and recommendations may still be deemed to have "particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status."[19] Proof of the hire/fire test must reflect "actual practices" rather than written job descriptions and duties.[20]

## III. DISCUSSION

### A. Judgment as a Matter of Law

Plaintiffs first moved for judgment as a matter of law at the close of defendants' evidence.[21] At that point, plaintiffs argued that defendants had failed to satisfy their burden by declining to produce evidence concerning specific test plaintiffs.[22] Therefore the renewed motion at issue here is limited to the same issue: whether defendants were required by law to propound individualized evidence rather than a pattern and practice case.

---

[18] *Id.* § 541.105

[19] *Id.*

[20] *Donovan v. Burger King Corp.*, 675 F.2d 516, 519 (2d Cir. 1982).

[21] *See* Trial Transcript ("Tr.") at 600.

[22] *See id.* at 600-601.

During trial, I found that plaintiffs had failed to cite a single case requiring individualized evidence to prove an executive exemption under FLSA. I found that based upon defendants' pattern and practice evidence, "a reasonable juror could believe all sergeants [undertake activities that fulfill the hire/fire test] and all sergeants are required to do it."[23] While denying plaintiffs' motion, I expressly stated that "I would deny the motion with leave to renew if you find an interesting controlling case that I ought to study."[24]

Plaintiffs have failed to provide this Court with any case – let alone controlling or persuasive authority – that bars defendants from relying on proof of a pattern and practice.[25] Given the permissibility of defendants' trial theory, plaintiffs' renewed motion for judgment as a matter of law is hereby denied.

### B. Motion for a New Trial

Plaintiffs' motion for a new trial is not similarly limited. Here plaintiffs argue that the jury's finding "that Plaintiffs satisfy the hire/fire test was

---

[23] *Id.* at 603.

[24] *Id.* at 610.

[25] *See* Memorandum of Law in Support of Plaintiffs' Motion for Judgment as a Matter of Law and for a New Trial ("Pl. Mem.") at 22 (arguing without citation to caselaw that "the City's failure to offer evidence specific to the Test Plaintiffs should render the jury's verdict insufficient.").

7

plainly against the weight of the evidence."[26] Based on the full breadth of evidence presented at trial, the jury's decision that the categories of plaintiffs addressed at trial meet the hire/fire test was neither seriously erroneous nor a miscarriage of justice.

At trial, defendants presented a wealth of evidence that plaintiffs made suggestions or recommendations related to tangible employment actions and that those suggestions or recommendations were given particular weight. The evidence fell into five categories. *First*, defendants offered performance evaluations, supported by four witnesses who described how the evaluations are considered with regard to promotion, transfer, and termination.[27] While plaintiffs argue that these evaluations should be categorically excluded as assessments rather than recommendations,[28] these concepts are not so easily distinguished. The jury could have determined that this extensive evaluation system provides implicit suggestions and recommendations that lead to tangible employment actions, even

---

[26] *Id.* at 23.

[27] *See* Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Judgment as a Matter of Law and for a New Trial ("Def. Mem.") at 13-15 (citing Tr. 92-93, 136, 182-183, 190, 199-204, 207-208, 220-221, 227-228, 239, 248, 290, 331-332, 302-303, 422-423, 430-434, 451, 454-55, & 508-09).

[28] *See* Pl. Mem. at 13.

8

if the suggestions come in numerical form.

*Second*, defendants described how sergeants initiate command discipline, which in practice results in losses of vacation days or accrued compensatory time.[29] However, these economic harms are not the equivalent of a tangible employment action, which must result in a change in employment status.[30] Therefore this category of evidence cannot support a reasonable verdict.

*Third*, defendants showed that sergeants can and sometimes do recommend subordinates for promotion or for awards that accelerate the promotion process.[31] While plaintiffs question the real-world effects of these actions,[32] the jury may have found persuasive defendants' evidence of the concrete impact of awards on the timing of promotions as well as testimony that letters are "weighed in the promotion process."[33]

*Fourth*, defendants offered testimony that sergeants' personal

---

[29] *See* Def. Mem. at 15-17 (citing Tr. at 276-281, 284, 287-289, 292, 331-332, 437-438, 547, 580-581, 680-684, 686-687).

[30] *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006).

[31] *See* Def. Mem. at 17-19 (citing Tr. at 369-372, 395-396, & 441-442).

[32] *See* Pl. Mem. at 17-18.

[33] Def. Mem. at 18.

9

recommendations and issuance of "career points" are a "huge" consideration when a favorable transfer is considered.[34] Plaintiffs object that defendants did not offer sufficient evidence of actual transfers and that "numeric scores do not constitute 'suggestions and recommendations,'"[35] but the jury may have found defendants' evidence sufficient to prove a pattern and practice. Nor was the jury legally obligated to draw the categorical distinctions that plaintiffs suggest.

*Fifth*, defendants put forward evidence concerning the Performance Analysis Section of the NYPD, which monitors and penalizes officers to whom sergeants have given poor performance reviews or direct requests for monitoring.[36] Although plaintiffs object that mere monitoring does not result in a tangible employment action,[37] the jury could have found that either placement in performance monitoring or sergeant-initiated discipline of officers already subject to monitoring causes tangible employment actions.

The jury's verdict indicates that it found the sum of defendants' evidence persuasive and made inferences in defendants' favor. It is not for this

---

[34] *Id.* at 19-20 (quoting Tr. at 290 and citing Tr. at 200, 207-208, 227-228, 254, 256-260, 290, 347, 351, 355, 582-583).

[35] Pl. Mem at 19-20.

[36] *See* Def. Mem. at 21-22 (citing Tr. at 430-431, 508-510, 512-515).

[37] *See* Pl. Mem. at 20-21.

10

Court to overrule a jury's verdict that is based on logical, if not overwhelming evidence.[38] Plaintiffs' motion for a new trial is hereby denied.

## IV. CONCLUSION

For the reasons set forth above, plaintiffs' motion is denied. The Clerk of the Court is directed to close this motion (Docket No. 128).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         October 17, 2008

---

[38] Nor need I discount the jury's findings based on the amicus brief submitted by the Department of Labor at the summary judgment phase. Although the DoL brief asserted that much of defendants' evidence was – as a matter of law – inapposite to a finding that plaintiffs made suggestions or recommendations and that those suggestions or recommendations were given particular weight, these fact-specific determinations are litigating positions that receive no more than *Skidmore* deference. While I accord the conclusions of the DoL brief substantial weight based on the agency's expertise in enforcing FLSA, I do not find that it necessitates vacating the jury's verdict, for the same reasons that I held on summary judgment that the hire/fire test presented issues of fact and could not be disposed of as a question of law. *See Mullins*, 523 F. Supp. 2d at 359-60.

## - Appearances -

**For Plaintiffs:**

Stephen P. Younger, Esq.
Clay J. Pierce, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

Lauren E. Schwartzreich, Esq.
Gregory K. McGillivary, Esq.
Thomas A. Woodley, Esq.
Woodley & McGillivary
1125 15th Street, Suite 400
Washington, DC 20005
(202) 833-8855

Andrew Quinn, Esq.
Quinn & Mellea
399 Knollwood Road, Suite 200
White Plains, New York 10603
(914) 997-0555

Will Aitchison, Esq.
Aitchison & Vick, Inc.
3021 N.E. Broadway
Portland, Oregon 97232
(503) 282-6160

**For Defendants:**

Lorie E. Almon, Esq.
Gerald L. Maatman, Jr., Esq.
Peter Arnold Walker, Esq.
Robert S. Witman, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

James M. Lemonedes
Michele Ann Molfetta
Georgia Mary Pestana
Assistant Corporation Counsel
100 Church Street, Room 2-172
New York, New York 10007
(212) 788-0881