UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EDWARD D. MULLINS, *et al.*,

          Plaintiffs,

- against -

CITY OF NEW YORK and THE NEW
YORK CITY POLICE DEPARTMENT,

          Defendants.

------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/08
```

**MEMORANDUM**
**OPINION AND ORDER**

04 Civ. 2979 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

In 2004, New York City police sergeants ("plaintiffs") brought suit against the City of New York and the New York City Police Department (collectively "defendants"), claiming systematic violation of their overtime rights under the Fair Labor Standards Act.[1]  In July 2008, the Court conducted a five-day jury trial to resolve a single disputed issue of fact, namely whether plaintiff sergeants' "'suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are

---

[1] 29 U.S.C. §§ 201-219.

1

given particular weight.'"[2] On July 18, 2008, the jury answered in the affirmative.[3]

Plaintiffs then renewed their pre-verdict motion for judgment as a matter of law under Rule 50 and also moved for a new trial under Rule 59. On October 17, 2008, this Court denied both motions.[4] On October 31, 2008, plaintiffs moved for reconsideration of this Court's October 17 opinion, solely with regard to the motion for judgment as a matter of law.[5] For the reasons discussed below, defendants' motion for reconsideration is granted, but the Court adheres to its original decision set forth in the October 17 Opinion and Order.

## II. APPLICABLE LAW

### A. Motion for Reconsideration

A motion for reconsideration is governed by Local Rule 6.3 and is appropriate where "'the moving party can point to controlling decisions or data

---

[2] *Mullins v. City of New York* ("*Mullins I*"), 523 F. Supp. 2d 339, 359 (S.D.N.Y. 2007).

[3] *See* 9/18/08 Declaration of James Lemonedes, defendants' counsel, ¶ 5.

[4] *Mullins v. City of New York* ("*Mullins II*"), No. 04 Civ. 2979, 2008 WL 4620709 (S.D.N.Y. Oct. 17, 2008).

[5] *See* Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration of Order Denying Judgment as a Matter of Law at 1.

that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[6] "A motion for reconsideration may also be granted to 'correct a clear error or prevent manifest injustice.'"[7]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[8] Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[9] Courts have repeatedly

---

[6] *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

[7] *In re Terrorist Attacks on September 11, 2001*, No. 03 MDL 1570, 2006 WL 708149, at *1 (S.D.N.Y. Mar. 20, 2006) (quoting *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

[8] *Naiman v. New York Univ. Hosps. Ctr.*, No. 95 Civ. 6469, 2005 WL 926904, at *1 (S.D.N.Y. Apr. 1, 2005) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[9] *DGM Invs., Inc. v. New York Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003) (quotation omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided.").

been forced to warn counsel that such motions should not be made reflexively, to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[10]

### B.     Judgment As a Matter of Law

Rule 50 permits a court to override a jury's verdict and enter judgment against a party where "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."[11] A jury verdict cannot be set aside lightly. A court may not grant judgment as a matter of law unless (1) there is such a "complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture" or (2) there is "such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it]."[12]

"A court considering a request for judgment as a matter of law must

---

[10]     *Joseph v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 96 Civ. 9015, 2006 WL 721862, at *2 (S.D.N.Y. Mar. 22, 2006) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[11]     Fed. R. Civ. P. 50(a).

[12]     *United States v. Space Hunters, Inc.*, 429 F.3d 416, 429 (2d Cir. 2005) (quoting *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1046 (2d Cir. 1992)). Accord *Doctor's Assocs. v. Weible*, 92 F.3d 108, 111-12 (2d Cir. 1996).

'consider the evidence in the light most favorable to the party against whom the motion was made and . . . give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence.'"[13] "'The court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury.'"[14]

Ordinarily, the scope of a post-verdict renewal of a motion for judgment as a matter of law under Rule 50(b) cannot exceed the pre-verdict motion made under Rule 50(a).[15] However, if a party opposing a Rule 50(b) motion fails to object to scope in its opposition papers, the objection is waived.[16]

## III. DISCUSSION

In the October 17, 2008 opinion, this Court limited consideration of

---

[13] *Space Hunters*, 429 F.3d at 429 (quoting *Tolbert v. Queens Coll.*, 242 F.3d 58, 70 (2d Cir. 2001)) (omission in original).

[14] *Id.* (quoting *Tolbert*, 242 F.3d at 70).

[15] *See Provost v. City of Newburgh*, 262 F.3d 146, 161 (2d Cir. 2001). *See also Lambert v. Genesee Hosp.*, 10 F.3d 46, 54 (2d Cir. 1993).

[16] *See Gronowski v. Spencer*, 424 F.3d 285, 297 (2d Cir. 2005) (citing *Gibeau v. Nellis*, 18 F.3d 107, 109 (2d Cir. 1994)). *See generally Williams v. Runyon*, 130 F.3d 568, 572 (3d Cir. 1997) ("Six of our sister circuits have held that where a party did not object to a movant's Rule 50(b) motion specifically on the grounds that the issue was waived by an inadequate Rule 50(a) motion, the party's right to object on that basis is itself waived.") (citing, *inter alia*, *Gibeau*, 18 F.3d at 109).

plaintiffs' renewed motion for judgment as a matter of law to the issue raised in their initial motion for judgment as a matter of law. The Court – rather than defendants – first noted that defendants limited their initial motion to defendants' failure to provide individualized evidence concerning test plaintiffs, as opposed to pattern and practice evidence. However, failure to raise waiver in opposition to a renewed motion for judgment as a matter of law itself constitutes waiver of any objection concerning scope. Therefore, this Court must consider the plaintiffs' renewed motion for judgment as a matter of law in full and assess the general sufficiency of defendants' evidence.

However, this Court already considered the full sufficiency of the evidence when addressing plaintiffs' motion for a new trial under Rule 59.[17] A Rule 50(b) motion requires the movant to meet a *more* stringent legal test than a Rule 59 motion.[18] As this Court previously held that defendants presented sufficient evidence such that plaintiffs were not entitled to a new trial, plaintiffs cannot meet the higher hurdle of Rule 50(b). Therefore, for the reasons discussed

---

[17] *See Mullins II*, 2008 WL 4620709, at *3-*4.

[18] *See DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1998) (noting that under Rule 59, a Court may grant a new trial "even if there is substantial evidence supporting the jury's verdict" and "need not view it in the light most favorable to the verdict winner").

in the October 17 opinion and order with regard to plaintiffs' motion for a new trial, plaintiffs' motion for judgment as a matter of law is denied.

## IV. CONCLUSION

For the reasons set forth above, plaintiffs' motion for reconsideration is granted, but the Court adheres to its original decision set forth in the October 17 Opinion and Order. The Clerk of the Court is directed to close this motion (Docket No. 141). A conference is scheduled for January 9, 2009 at 4:30 p.m.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          December 18, 2008

## - Appearances -

### For Plaintiffs:

Stephen P. Younger, Esq.
Clay J. Pierce, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

Lauren E. Schwartzreich, Esq.
Gregory K. McGillivary, Esq.
Thomas A. Woodley, Esq.
Woodley & McGillivary
1125 15th Street, Suite 400
Washington, DC 20005
(202) 833-8855

Andrew Quinn, Esq.
Quinn & Mellea
399 Knollwood Road, Suite 200
White Plains, New York 10603
(914) 997-0555

Will Aitchison, Esq.
Aitchison & Vick, Inc.
3021 N.E. Broadway
Portland, Oregon 97232
(503) 282-6160

### For Defendants:

Lorie E. Almon, Esq.
Gerald L. Maatman, Jr., Esq.
Peter Arnold Walker, Esq.
Robert S. Witman, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

James M. Lemonedes
Michele Ann Molfetta
Georgia Mary Pestana
Assistant Corporation Counsel
100 Church Street, Room 2-172
New York, New York 10007
(212) 788-0881